Lipscomb, J.
In this case, in the court below, when the clerk entered the verdict of the jury, in stating the case in the margin he entered it J. II. McCauley v. John Ramsey, and then entered the verdict of the jury. The whole proceedings had been in the name of George J. McCauley v. The Plaintiff in Error. The verdict did not give the name at all, and the judgment followed tlie verdict without giving the name of the plaintiff, but referring to each as plaintiff and defendant, and not distinguished in any other way. This judgment was rendered at the Spring Term, 1850. The record shows that at the Fall Term, 1852, this error, if any, was corrected by order of the court by the insertion of the name of the plaintiff.
It is contended by the plaintiff in error that the amendment was made too late, and the court below erred in its judgment in so rendering it, and the amendment could not cure Hie defect in the verdict, and judgment as at first eittered. The amendment made in the court below is predicated on the TSOtlx article, Hartley's Digest. It is as follows: “"When, iu the record o£ any judg“ment or decree of any District Court there shall he any mistake, miscalculation, misrecital, of any sum or sums of money, or of any name or names, “ and there shall he among the records of the proceedings iu the suit in “which such judgment or decree shall he rendered any verdict or instrument “of writing whereby such judgment or decree may be safely amended, it shall “he the duty of the court in which such jiulgment or decree shall he rendered, “and the judge thereof in vacation, to amend the judgment or decree thereby “according to the truth and justice of the case, provided that the opposite “party, his agent or attorney of record, si mil have reasonable notice of the “application for such amendment; and if (lie transcript of such judgment or “decree, at the time of such amendment, or at any time thereafter, shall be “removed to the Supreme Court, it shall he the duty of that court, upon “ inspection of such amended record, to bo brought before it by certiorari, if “ need be, to affirm such judgment, if there be no other error apparent in such “record.”
It will he seen that there is no limitation as to time within which the amendment may he made, and wo believe that if it be done at any time before the final judgment has been rendered in this court it is sufficient under the statute; and it was a case clearly within the article of the statute cited there can be no *55 ■doubt, ns tlie petition and the citation and every distinct part of the record preceding tlie entry of the verdict and judgment could furnish the safe means ■of making the amendment, as eacli of them gave tlie true name of the plaintiff in tlie suit; and there can he no doubt but a reference to tlie original verdict as returned into court would have shown the same, as it is most likely that it was written on the petition; and it was not an error or mistake of the jury, as supposed by the counsel for the plaintiff in error.
Note 211. — Swift v. Faris, 11 T., 18; Trammell r. Trammell, 25 T. Supp.,261; Russell v. Miller 40 T., 404.
The verdict’was correct. The mistake was made by tlie clerk in stating tlie title of (he case in the margin before entering the verdict. The judgment is affirmed.
Judgment affirmed.