### R. R. RUSSELL ET AL. V. S. A. MILLER.

1. The District Court may amend its judgment upon the notice contemplated by Article 51, Paschal's Digest, being given to the party to be affected by the amendment, even after the intervention of a term since the original entry.

2. Such amendment may extend to entering judgment against a party not affected by the original entry, when authorized by the verdict and former proceedings in the case.

3. If an amendment be made to a judgment rendered in a cause appealed from a justice's court, and it is made in such manner as to deprive a party of any substantial right which accrued to him after the trial on appeal, the action of the court in making the amendment would be subject to revision by this court on appeal.

APPEAL from Houston. Tried below before the Hon. Leroy W. Cooper.

This suit was instituted against R. R. Russell, Clinton Allen and James A. Corley, originally in a justice's court, on a promissory note executed by them to Miller for $78.30.

Corley and Allen pleaded that they were sureties; Russell pleaded that the note was for the hire of a negro for the year 1865, and that by emancipation he had lost the services of the negro for one-half of the period, and that he had compromised and settled the matter with Miller

by paying him one-half the face of the note in specie. Tried before jury, and verdict for appellants. Miller appealed the case to the District Court.

The District Court sustained Miller's exceptions to defendants' answers, so far as the same pleaded failure of consideration, and there was, on the thirty-first of August, 1872, a verdict for Miller, as follows :

"We, the jury, find verdict for plaintiff for $65.24."

The payment of one-half the debt was not denied, but credit therefor given, and the verdict was for the remaining half of the note and interest.

This verdict was endorsed on the charge of the court, filed August 31, 1872, in which the case is styled "S. A. Miller, Trustee, v. R. R. Russell *et al.*"

There was no action dismissing the suit as to Allen and Corley, and a motion for new trial appears to have been made by all the defendants.

The judgment of the court was rendered against R. R. Russell alone.

On January 24, 1873, Miller filed his motion to correct the judgment, the November term having in the meantime passed. Defendants excepted to the motion for various reasons, indicated in the assignments of error referred to in the opinion, and set up as plea in defense that by reason of the negligence of Miller the debt had been lost as against Russell; that there had been no judgment against them, nor had there been any verdict against them, and by reason thereof they had not been called on to use diligence, etc., and the plaintiff had been guilty of gross negligence in the prosecution of his claim, and by reason thereof he had failed to make the money out of Russell, who, it was alleged, was then dead, and therefore they claim that they were released from their liability. Miller's exceptions to this answer were sustained.

On the final hearing of the motion to amend the judg-

ment it was adjudged by the court "that the plaintiff, S. A. Miller, trustee, do have and recover of and from the said defendants, R. R. Russell, Clinton Allen and James A. Corley, the sum of $65.24," etc., from which an appeal was taken.

*Nunn & Williams*, for appellants, contended—

1. That as the names of appellants were not mentioned in the first judgment, nor in the charge of the court on which the verdict was written, and because there was no expression in the verdict showing an intention of the jury to find against them, the amendment should not have been allowed.

2. That appellants were entitled to a trial by jury on the matters alleged in their defenses.

3. That the power of a court to amend a judgment does not extend to rendering judgment against a party not included in the original judgment when the motion is made at a subsequent term.

*S. A. Miller*, for appellee.

REEVES, ASSOCIATE JUSTICE.—On the twenty-fourth of January, 1873, appellee applied to the District Court of Houston county to amend a judgment rendered by said court in his favor against R. R. Russell, and which, as he alleges in his motion, should have been entered against appellants, Clinton Allen and James A. Corley, but that their names were omitted in the entry of judgment by the clerk through mistake. The suit was originally instituted in the court of a justice of the peace, by appellee against R. R. Russell and the appellants, Allen and Corley, on their promissory note, payable to appellee, where judgment was obtained against Miller, from which he appealed to the District Court. On the first trial in the District Court judgment was rendered for Miller against all the defendants by their names. On the

second trial the jury returned a verdict for Miller, as the jury did on former trial, and the judgment was entered up against Russell only. This judgment was rendered at the August term, 1872, of the District Court. At the March term, 1873, the court amended the judgment as prayed for, so as to include Allen and Corley by their names. As amended, the judgment was rendered for plaintiff, S. A. Miller, trustee, against the defendants, R. R. Russell, Clinton Allen and James A. Corley; to which appellants excepted, and gave notice of an appeal, and assigned for error—

"1. The court erred in overruling exceptions of defendants to motion of plaintiff.

"2. The court erred in sustaining plaintiff's exceptions to defendants' answer.

"3. The court erred in deciding upon the issues without the intervention of a jury.

"4. The court erred in undertaking to render a judgment against these defendants when two courts had elapsed before such application was made.

"5. The court erred in assuming to correct a judgment rendered at a former term of the court in manner and form as done.

"6. The court erred in undertaking to render judgment against these defendants as on motion to correct judgment, when these defendants' names are not mentioned in the verdict of the jury nor in the charge of the court on which the verdict was written.

"7. The court erred in not hearing the evidence on the defendants' pleas, and in excluding the same.

"8. The court erred in assuming that the verdict of the jury was intended by the jury as against these defendants, when there was no paper or record in the cause that could be certainly identified as showing such to have been the intention of the jury, and therefore such attempted correction of judgment is contrary to law.

32

" 9. For these and other errors apparent on the face of the record, defendants seek a reversal."

Before the assignment of errors is examined it will be necessary to dispose of a preliminary question arising on appellee's motion to dismiss the appeal. The ground of the motion is that the judgment of the District Court in cases appealed from justice's court is final and without appeal to this court. In support of the motion he refers to the act "to organize the courts of justices of the peace and county courts, and to define their jurisdiction and duties," of August 13, 1870.

The 12th Section of the act provides that "in all cases where an appeal shall be taken from a justice's court to the District Court it shall be the duty of the justice from whom such appeal shall be taken immediately to make out a transcript of all the entries made on his docket in such case, and file the same, together with all the original papers of the cause, with the clerk of the District Court, on or before the first day of the term of such court next after such appeal was taken. All causes appealed from a justice's court shall be tried *de novo*, and such trial shall be final, without appeal to the Supreme Court." (Paschal's Digest, Articles 6348-9.)

It is not necessary to examine this question in all the phases in which it might be presented, but so far only as to determine whether the statute takes away the right of appeal to this court from the District Court, in a proceeding to amend its judgment, in a case appealed from a justice's court to the District Court under the act of 1870 above referred to.

The District Court has appellate jurisdiction in cases originating in justice's court under the regulations prescribed by the act of 1870.

The 11th Section of the act (Article 6343, Paschal's Digest) provides that notice of the appeal must be given in open court, with bond and security, within the time and

conditioned as required by the act. The cause thus brought to the District Court is tried *de novo*, and the trial is final, without appeal to the Supreme Court.

The plaintiff in the judgment alleges that he did not discover the mistake till after the expiration of the term at which the judgment was rendered. The motion sets out the facts, alleges the mistake in the judgment, and prays that it be corrected.

The defendants, after service of the citation, appeared and answered, and the amendment was made by the court after a hearing as in other cases between litigants when contesting their rights on petition and answer.

The court had authority to amend the judgment under the act of May 11, 1846, "to organize the District Courts and to define their powers and jurisdiction." (Paschal's Digest, Articles 49, 51.) This statute applies to all judgments rendered by the District Court which may be defective on any of the grounds mentioned in the statute.

Though the court has authority to amend its judgment in proper cases, the power cannot be exercised in such manner as would deprive the defendants of any substantial rights which may have accrued to them after the trial on appeal, and independent of it. In such cases the action of the court is subject to revision by this court, as in other judgments. Defendants complain that this has been done.

It remains to inquire whether the court erred in permitting this judgment to be amended on any of the grounds assigned as error.

It is believed that the allegations of the motion are sufficient for the amendment, if the correction was proper on other grounds.

It is objected that the motion came too late, not being presented at the term of the court when the judgment was rendered, nor at the succeeding term.

The cases heretofore decided by this court fully sustain

the action of the court in making the amendment on the question of time. The amendments have been allowed after the lapse of a greater period of time than in the present case. (Ramsay v. McCauley, 9 Texas, 106.)

If application had been made for a jury, and the court had refused it, the refusal would have been error; but it does not so appear by the record.

It is further objected that the court erred in rendering judgment against Allen and Corley, when their names were not mentioned in the verdict of the jury nor in the charge of the court.

It appears that appellants were parties to the suit in the justice's court. The judgment in that court was rendered in favor of all the defendants, naming them; the bond for costs in the justice's court and the appeal bond given for the removal of the case to the District Court were made payable to the defendants by their names. The first judgment of the District Court for Miller was against all the defendants, and the names of the appellants are there given. The motion for a new trial founded on Russell's affidavit recites that it was made by the defendants, and that Allen and Corley were Russell's securities. The motion for a new trial on the second judgment in the District Court appears to have been made for and in behalf of the defendants. The record does not show that the case was dismissed as to these parties, but where their names are not mentioned the description and reference to them as defendants is inconsistent with the conclusion that the defendant, Russell, alone was intended by the jury in finding their verdict.

We think it clear, from the facts disclosed by the record, that the omission to render judgment against the appellants was such a mistake as should have been corrected by the court. It was such a mistake as comes within the provision of the statute, and the correction was in accordance with Article 51 of the act. The power

to amend the judgment where the names of one or more of defendants are omitted in the entry of judgment by mistake of the clerk cannot be doubted under the authority of Trammell *et al.* v. Trammell *et al.*, 25 Texas Sup., 261.

There is no statement of facts, bill of exception, or ruling of the court indicating what action, if any, was taken on appellants' evidence in support of their pleas. The record being silent in this respect, the ruling, whatever it may have been, cannot be revised.

The question of suretyship, with a view of having execution first against the principal, is not presented by the assignment of errors, but the answer alleges that the securities were discharged from the payment of the debt by reason of the plaintiff's neglect to enforce payment by execution against the principal.

It is well settled that time given to the principal debtor does not discharge the sureties without a binding agreement to give time. (Burke v. Cruger, 8 Texas, 66; Cruger v. Burke, 11 Texas, 694; Payne v. Powell, 14 Texas, 601.)

AFFIRMED.

ASSOCIATE JUSTICE GOULD appointed, May 5, 1874.