### W. B. BLALACK *et al. v.* THE STATE.

1. RECOGNIZANCE — AMENDMENT. — In the record of a recognizance on the minutes of the court the word "dollars" was omitted, but the original entry upon the judge's docket, from which the record was made, was not defective in this respect. *Held*, that it was competent for the court, at a subsequent term, upon proper application and after notice to the parties concerned, to amend the record of the recognizance by supplying the omitted word, and thus conforming the record to the entry on the judge's docket.

2. SAME. — But such an amendment, subsequent to the entry of the recognizance, if made without notice to the parties concerned, was without authority of law, and void.

3. RECOGNIZANCE — SURETIES. — Death of the principal cognizor prior to the term of court at which a forfeiture was taken is one of the causes which, under article 413 of the Code of Criminal Procedure, exonerates his sureties; and, if they plead such cause in defense to *scire facias*, they are entitled to an opportunity to prove it.

APPEAL from the Criminal District Court of the city of McKinney, county of Collin. Tried below before the Hon. S. HARE.

This case was appealed to the Supreme Court, before the

creation of the Court of Appeals. All material facts are disclosed by the opinion.

*Alex. Berry*, for the appellants.

*H. H. Boone*, Attorney General, for the State.

WINKLER, J. This is an appeal from a judgment on a forfeited recognizance.

After judgment *nisi* and the order for *scire facias*, the appellants, answering, excepted to the recognizance and judgment *nisi*, and moved to quash the recognizance on the ground that "it does not appear from said recognizance that the principal or sureties therein acknowledged themselves to be indebted to the state of Texas in any sum of money." The material objection to the recognizance, taken in the exceptions and in the answers, as well as in the motion to quash, is that the amount which the principal and sureties acknowledged themselves bound to pay to the state, in case the accused should fail to appear, is stated at "*six hundred*," the word "*dollars*" being omitted.

Upon these defenses the following judgment was rendered on June 12, 1874, to wit: "Now on this day came on to be heard the answer of the defendants in this case to the *scire facias* upon them served, praying the court to set aside the judgment *nisi* rendered at the last term of this court, and, the things in said answer being seen and fully understood by the court, it is ordered, adjudged, and decreed that the said judgment *nisi* be set aside, and that the bond forfeited in said judgment *nisi* be reinstated in full force and effect."

The district attorney made a motion to correct the recognizance, in which he alleged, in substance, that the principal and his sureties did, in point of fact, enter into a recognizance in the sum of $600, but that the clerk, in entering up the minutes and making a record of said recog-

nizance, failed to enter the word " dollars " after and following the words " six hundred," and prayed that the omission be supplied, " and that said recognizance, so amended, be entered *nunc pro tunc* at the present term of the court."

On this motion the court ordered the correction to be made, and caused the recognizance, as corrected, to be entered on the minutes, and it seems a forfeiture was again taken *nisi*, and *scire facias* ordered. This last action was had on June 24, 1874.

On October 28, 1875, the sureties answered that in May, 1874, " and prior to the rendition of the judgment *nisi* herein, that their principal in the recognizance, James Black, departed this life, in Hot Springs County, in the state of Arkansas." They also pleaded that they had no notice of the motion to correct the recognizance, and moved the court to set aside the order to correct the minutes of the court.

It seems from the record that a trial before a jury was attempted, in which the judge submitted to the jury, as the issue, this issue : " Did the judge in taking the recognizance use the word ' dollars,' and was it a mistake or omission of the clerk in not entering it, or was the word ' dollars ' not used by the judge in taking the recognizance? " and they were directed to find on this issue.

The final judgment we set out in full, as follows :

"*State of Texas* v. *James Blalack* et al. *October 30th,* 1875 :

" Now on this day came the parties herein, by their attorneys, in answer to *scire facias* issued on judgment *nisi* entered at the June term, 1874, of this court, and, the district attorney appearing for the state, thereupon came on to be heard defendant's motion to set aside judgment. *nisi*, and, the same being heard by the court, it is ordered that the same be set aside, in so far as to allow, for the purpose of allowing defendants to controvert the motion of the district

attorney to supply the word ' dollars ' in the original recognizance ; and thereupon came a jury, composed of John Lockridge and eleven others, who, after hearing the evidence and instructions of the court, retired to consider of their verdict, and, after deliberation, returned into court and stated they could not agree, whereupon they were discharged by the court ; and the court then, upon the motion of the district attorney, ordered that the word ' dollars ' be supplied in said original recognizance in the place pointed out by said motion, said order being made from the original entry made by the judge on the docket of said court in said cause, to wit : In case No. 43, *The State of Texas* v. *James Blalack*, at the October term, 1873, of said court, which said entry is as follows : ' Defendant entered into recognizance 600$, and cont. by consent ; ' to which order and ruling of the court the defendants, by their attorneys, except.     Thereupon came on to be heard the answer of defendants to the *scire facias* issued on the judgment *nisi*, and, the defendants failing to show any cause why said judgment *nisi* should not be made final, it is ordered, adjudged, and decreed by the court that the said judgment *nisi* be made final and that the state of Texas do have and recover of and from James Blalack, W. B. Blalack, T. H. Blalack, and G. W. Ford the sum of six hundred dollars, together with all costs in this behalf expended, for which let execution issue ; and it is further ordered that execution issue in favor of the officers of court against said James Blalack, T. H. Blalack, W. B. Blalack, and G. W. Ford, for all costs ; to which rulings and orders defendants, by their attorneys, excepted, and gave notice in open court of appeal to the Supreme Court.''

The material error committed against the rights of the defendant was in amending the recognizance *nunc pro tunc*, on simple motion, and at a time subsequent to the entry of the recognizance, and without notice to the defendants.

We are of the opinion, further, that if the fact be true as pleaded by the sureties, that the principal cognizor was dead before the forfeiture, they should have had an opportunity to show that fact. The death of the defendant before the term of the court at which the forfeiture was taken is one of the causes which will exonerate the sureties from liability upon a recognizance or bail-bond. Code Cr. Proc., art. 413 (Pasc. Dig., art. 2884).

It was competent for the court, under section 13 of the District Court Act of 1846, to amend the record entry of the recognizance entered into for the appearance of the accused, and we see no reason why the rough minutes of the judge did not afford sufficient *data* for that purpose; but the manner of correcting the minutes was not warranted by law, for the reason that the statute declares that " in all cases the opposite party shall have notice of the application for such amendment." Pasc. Dig., art. 49; *Swift* v. *Faris*, 21 Texas, 18; *Russell* v. *Miller*, 40 Texas, 494. We are of opinion that all the proceedings had in this case subsequent to the order of the court of June 12, 1874, setting aside the first judgment *nisi*, were without authority of law, and void, and that the entry of the recognizance *nunc pro tunc*, without notice to the securities, was not binding upon them.

For these errors the judgment must be reversed, and the case be remanded to the District Court of Collin County for further proceedings.

*Reversed and remanded.*