| 63 | 435 |
|----|-----|
| 82 | 455 |

</div>

---

<div align="center">

COURTNEY A. WHITTAKER v. GEO. L. GEE ET AL.

(Case No. 2054.)

</div>

1.  AMENDING JUDGMENT.— A judgment may be amended, at a term of court held
    after the one at which the judgment entry was made, by inserting therein
    the name of one of the parties to the cause, omitted through mistake, when
    the notes upon the docket of the presiding judge furnish data by which to
    make the correction.
2.  SAME.— Such amendment may be made after the dismissal of an appeal,
    based on the defect in the judgment.
3.  SAME — MISTAKE OF CLERK.— The omission of the clerk to enter a judgment,
    the character of which is apparent from the entry made by the judge on his
    docket, cannot prejudice the rights of one who obtained it.   The correc-
    tion may be made on motion of a party, made in answer to a motion by the
    opposite party to reinstate the cause, when all the parties are brought before
    the court.
4.  CASE DISTINGUISHED.— This case distinguished from Lewis *v.* Arambould,
    55 Tex., 611.

ERROR from Waller.   Tried below before the Hon. Wm. H.
Burkhart.

On the 5th of April, 1884, plaintiff in error filed a motion in the
district court of Waller county to reinstate this case upon the docket
of that court for a rehearing.   The reasons assigned in support of
the motion were as follows: "For this, that on the 18th day of
April, 1881, at the hearing of said cause, there was a mistrial or mis-
carriage of justice, in the judgment rendered not being final, as will
appear from a mandate of the supreme court, to which court plaint-
iff took the case on a writ of error, the mandate being now on file
for its inspection and observance."

On the 11th day of April the defendants interposed an answer to
the effect that on the 18th of April, 1881, there was a finding by
the court, as shown by the docket, that the plaintiff take nothing

and pay costs, which was legally a final judgment for all the defendants against the plaintiff, and asked that any error in the proceedings be amended according to the truth and justice of the case.

Judgment rendered on the 16th of April, 1884, making the original judgment of April 18, 1881, conform to the entry on the judge's docket, and adding the name of A. Whittaker as a party defendant in the judgment, his name having been omitted by mistake in entering the judgment on the minutes of the court.

*E. Blane*, for plaintiff in error.

*A. J. Harvey* and *M. M. Browne*, for defendant in error.

WILLIE, CHIEF JUSTICE.—Frequent decisions of this court have settled the right to have a judgment amended after the expiration of the term at which it was obtained, when, through mistake or clerical error, the record does not speak fully or truly the judgment actually rendered in a cause. Ximines *v.* Ximines, 43 Tex., 464; Russell *v.* Miller, 40 Tex., 500; Ramsey *v.* McCauley, 9 Tex., 106; Burnett *v.* State, 14 Tex., 455.

In this case the only defect in the judgment was the omission of the name of one of the parties in whose favor it was rendered. This was established by the notes upon the docket made by the presiding judge, and it was entirely proper and legal for him to order the amendment accordingly.

As this could have been done after the adjournment of the term, had no appeal been taken from the defective judgment, so there was no objection to the amendment being made after the appeal had been dismissed from this court on account of the defect in the judgment.

It was no cause for setting the judgment aside that it did not show that one of the parties to the cause had been disposed of, if the omission occurred through mistake. The omission of the clerk to record the judgment as it was rendered could not prejudice the rights of parties who in due course of law had recovered the judgment. They were entitled to have the entry made according to the facts as they transpired at the time, and this was all that was done in the present case.

The parties, too, were all before the court. The plaintiff appeared by making the motion to reinstate, to which the motion to amend was an answer; and the defendants having all joined in the latter motion, there was no other party left to be brought before the court.

The case of Linn *v.* Arambould, 55 Tex., 611, cited by appellant, is not in point. There the judgment rendered, and which this court said might be set aside, did not dispose of the entire case, not from any error in the manner of entering it up, but from an error of the court itself in rendering the judgment. Such errors are not the subject of amendment after the expiration of the term; but the judgment itself being illegal, and of no force, it was nothing but proper that it should be set aside, and the case proceed as if the improper judgment had never been made part of the record.

We see no error in the action of the court in allowing the defective judgment to be amended, and its order in that respect is affirmed.

Affirmed.

[Opinion delivered March 3, 1885.]