MISSOURI PACIFIC RAILWAY COMPANY V. J. C. R. HAYNES ET AL.

No. 3182.

**1. Amending Judgment—Statute Construed—Clerical Omission.**—Suit for value of eighty-seven bales of cotton burned on cars of the railway company. The case was tried by the judge. The bills of lading executed by defendant were attached to the petition. One was for fifty-one bales, one for thirty bales, and the other for six bales. The judge rendered his decision for plaintiffs for the eighty-seven bales burned, valuing it at $9\frac{1}{2}$ cents a pound, with interest. The judge in making up the amount of value by oversight omitted the six bales. The railway company appealed. After appeal and at the next term the plaintiffs by motion obtained an order amending the judgment, adding the value of the six bales. An ineffectual effort was made to have the amended judgment recognized by the Supreme Court in the appeal. The judgment as originally entered was affirmed. The railway company then paid the judgment so affirmed. The plaintiffs obtained execution for the amount of the six bales added by the amendment. Injunction was applied for by the defendant and on hearing it was dissolved. On error, *held*:

1. The oversight of the court was not of that character that could be corrected after the term by motion under the statute. It was a judicial mistake, and could be corrected only by motion for new trial or appeal.

2. What the trial judge remembered as explanatory of the error could not be made available in the motion to amend.

3. Correction of a judgment after the term under the statute (Rev. Stats., art. 1355), can only be done by matter appearing in the record.

4. The bill of lading attached to the petition for the six bales omitted is not a part of the record from which amendment could be made.

**2. Laches—Res Adjudicata.**—In the answer to the injunction suit the plaintiffs in the original suit set out the facts, and in reconvention asked judgment for the omitted six bales. The original judgment was rendered April 30, 1888. It was affirmed at the Tyler Term following. The reconvention seeking equitable relief was filed May 6, 1889. No explanation was made of the delay. *Held*:

1. That this is not a case where equitable relief can be granted. To do so the original judgment must be set aside. As affirmed by the Supreme Court it is res adjudicata of the matters involved in the controversy. That judgment was not void nor in any way invalidated by the amendment proceedings.

2. Nor is there fraud, accident, or mistake of such a character as will authorize a revision of the judgment upon application for new trial after term; but if there were such fraud, etc., the right to set it up is lost by the laches of the parties and their failure to explain the delay in resorting to such remedy.

ERROR from Hopkins. Tried below before Hon. HOWARD TEMPLETON, Special District Judge.

The opinion states the case.

*Todd & Hudgins*, for plaintiff in error.—1. The omission of the court to consider and compute the value of the six bales of cotton was a judicial error, and not a clerical error. It was a failure to consider evidence in the case, and an erroneous judgment on the facts. Messner v. Hutchins, 17 Texas, 597; McConkey v. Henderson, 24 Texas, 212; Mi-

lam County v. Robertson, 47 Texas, 222; Grubbs v. Blum, 62 Texas, 426; Whitaker v. Gee, 63 Texas, 437; Freem. on Judg., sec. 72, pp. 62, 63.

2. An erroneous judgment can not be corrected by motion to amend the judgment made after the adjournment of the term, except in the case of a mere clerical error, and then only when there is something in the record of the cause from which the clerical error is apparent. Goss v. McClaren, 17 Texas, 107; Bryorly v. Clark, 48 Texas, 345; Milam County v. Robertson, 47 Texas, 222; Whitaker v. Gee, 63 Texas, 435; Freem. on Judg., sec. 70, et seq.

3. In all the Texas cases where amendment after the term has been allowed there was something in the record by which the error could be ascertained and corrected. Chambers v. Hodges, 3 Texas, 529; McNairy v. Castleberry, 6 Texas, 286; Ramsey v. McCauley, 9 Texas,106; Swift v. Faris, 11 Texas, 18; Messner v. Hutchins, 17 Texas, 597; McConkey v. Henderson, 24 Texas, 212; Trammell v. Trammell, 25 Texas Supp., 261; Thompson v. Bishop, 29 Texas, 154; Russell v. Miller, 40 Texas, 494; Ximenes v. Ximenes, 43 Texas, 458; Milam County v. Robertson, 47 Texas, 222; Coffee v. Black, 50 Texas, 117; Grubbs v. Blum, 62 Texas, 426; Whitaker v. Gee, 63 Texas, 435.

In Messner v. Hutchins, 17 Texas, 597; McConkey v. Henderson, 24 Texas, 212; Milam County v. Robertson, 47 Texas, 222; and Grubbs v. Blum, 62 Texas, 426, the amendment or alteration was refused, the error not being apparent from the record. In Whitaker v. Gee, Chief Justice Willie, in distinguishing that case from 55 Texas, 611, said: "There the judgment rendered, and which this court said might be set aside, did not dispose of the entire case, not from any error in the manner of entering it up, but from an error of the court itself in rendering the judgment. Such errors are not the subject of amendment after the expiration of the term."

The statute (Rev. Stats., arts. 1354, 1355) contemplates only the correction of clerical mistakes and errors, not judicial errors, in determining the merits. Motion for new trial is the remedy in such cases, or original bill for new trial under the rules prescribed in Goss v. McClaren, 17 Texas, 117.

The overwhelming weight of authority is against the correction of judicial errors by amendment. Mr. Freeman in discussing this question says (sec. 70): "It is certain that proceedings for the amendment of judgments ought never to be permitted to be revisory or appellate in their nature, ought never to be the means of modifying or enlarging the judgment or the judgment record, so that it shall express something which the court did not pronounce, even although the proposed amendment embraces matters which ought clearly to have been so pronounced;" and cites among other cases the opinion of this court in

Milam County v. Robertson, 47 Texas, 222. See also Freeman on Judgments, sections 71, 72, 94.

*Perkins, Gilbert & Perkins*, for defendants in error.—1. Appellant had an adequate remedy at law by appeal, and the court on that account properly dissolved the injunction. Railway v. Ware, 74 Texas, 49; Blakesly v. Murphy, 44 Conn., 193; Fitzhugh v. Orton, 12 Texas, 4; Musgrove v. Chambers, 12 Texas, 32; Long v. Smith, 39 Texas, 161; Manning v. Hunt, 36 Texas, 118.

2. The District Court had jurisdiction over the matter and parties to this suit, and its action is final unless appealed from, and it can only be reviewed by appeal. Nevins v. McKee, 61 Texas, 413; Nichols v. Dibrell, 61 Texas, 541.

3. The omission of the trial court to include the value of the six bales of cotton in his judgment was a clerical error, made after he had determined all the matters in controversy, and the court properly amended the judgment so as to include the value of that cotton, according to the truth and justice of the case.

4. An erroneous judgment may, upon motion and service, be amended according to the truth and justice of the case, and in case of mistake or miscalculation it can be amended if there is any instrument of writing among the records whereby it may be safely done, and such amendment may be made pending appeal, or at a subsequent term, or at any time within four years after the judgment is rendered. Sayles' Civ. Stats., arts. 1354, 1355; Moseley v. Brigham, 12 Texas, 105; Hickey v. Behrens, 75 Texas, 495; Russell v. Miller, 40 Texas, 499; Trammell v. Trammell, 25 Texas Supp., 269; Swift v. Faris, 11 Texas, 19; Ramsey v. McCauley, 9 Texas, 107.

5. The District Court has the power to annul its judgments at any time after the adjournment as well as during term time by virtue of its continuing power over its records, not by reason of its continued jurisdiction over the subject matter. Hickey v. Behrens, 75 Texas, 495; Blum v. Neilson, 59 Texas, 379; McNairy v. Castleberry, 6 Texas, 286; Ramsey v. McCauley, 9 Texas, 107; Thompson v. Bishop, 29 Texas, 156; Cowan v. Nixon, 28 Texas, 230; Marx v. Brown, 42 Texas, 112; Grier v. Powell, 14 Texas, 320.

COLLARD, JUDGE, *Section A.*—This is an injunction suit, brought by plaintiff in error, the railway company, against defendant in error, to restrain the collection by execution of an amount added to an original judgment by amendment in the District Court on motion after the term. The amount of the original judgment with all costs was paid by the company, and it is only the amount added to the same by the amended judgment that is sought to be restrained.

The court below, trying the case without a jury, adjudged the judgment as reformed to be valid, and refused to enjoin its collection on final hearing, holding that there was a clerical error in the original judgment which was amendable at a subsequent term of the court. The railway company has brought the case to the Supreme Court by writ of error.

Haynes, Birge & Levy sued the railway company for the value of eighty-seven bales of cotton, weighing 43,064 pounds, destroyed by fire negligently caused by the company while in its possession, for which they held the company's bills of lading—one for fifty-one bales, weighing 25,564 pounds; one for thirty bales, weighing 14,489 pounds; and the third for six bales, weighing 3011 pounds. These bills of lading were all attached to the petition in the original suit as exhibits. The company answered nonliability, on the ground that they had delivered the cotton before it was burned. "There was no controversy over the number of bales or their weight, and the railway company on the trial did not deny that eighty-seven bales were burned, which weighed aggregating 43,464 pounds," really only 43,064 pounds. The case was tried by the court the 30th day of April, 1888, and he rendered his decision for the plaintiff for the eighty-seven bales of cotton burned, valuing it at 9½ cents per pound, with interest at 8 per cent per annum from the date of the fire. The court filed his findings of fact, that the railway company had negligently burned eighty-seven bales of cotton belonging to the plaintiffs, which cotton was worth 9½ cents per pound, and allowed the interest before stated from the time of the fire. In estimating the weight of the cotton the court only took the weights of the fifty-one bales and the thirty bales as shown by the bills of lading, and in computing the gross weight omitted to include the bill of lading for the six bales, weighing 3011 pounds, thus estimating the weight of only eighty-one bales at 9½ cents per pound. His findings (in writing) do not show how the error occurred, but as shown on the trial of the case before us, he explains that the mistake occurred as follows: He intended to add up the weights of the eighty-seven bales, and asked some one to call out the weights from the three bills of lading, and the person only called out the weights from two of them, omitting by oversight to include the six bales lot. The judge thought he had included the weights of all the cotton, and testified that he found for plaintiffs the weight of the entire eighty-seven bales and intended to give judgment for that amount, and thought he had done so until the motion to correct the judgment was filed. The defendants in the suit appealed the case to the Supreme Court, and after the appeal was perfected the transcript with assignment of errors was filed in the Supreme Court. The plaintiffs, on the 18th of October, 1888, at the next term of the District Court, as soon as they learned of the error in the judgment as originally rendered, filed a motion in the District Court to correct the

judgment because of the foregoing facts; and on the 22d of October, 1888, the railway company being duly served, in regular session, the court upon hearing the evidence granted the motion, the railway company declining to appear. The Supreme Court was then in session, and on the next day after the assignment to which the appeal belonged, to-wit, on the Tuesday after the Monday on which the assignment was set, the plaintiffs filed a motion in the Supreme Court, with a certified copy of the judgment as amended attached, asking the court to consider the amended judgment as a part of the record in the cause, which motion was overruled and the original judgment was affirmed. The mandate issued. The grounds upon which the motion was overruled by the Supreme Court do not appear. Subsequently the execution sought to be enjoined was issued after payment of the original judgment as affirmed with costs.

The first error assigned by the company for our consideration is, that the court below erred in its first conclusion of law in finding that the mistake by the District Court in not including the six bales of cotton was a clerical mistake that could be corrected on motion at the succeeding term; because the facts show that the same was not a clerical error, but, if an error at all, was an omission of the consideration of evidence in the case, and plaintiffs' remedy, if any, was by motion for a new trial during the term.

We believe that this assignment of error is well taken. The oversight of the court was not of that character that could be corrected after the term by motion under the statute; it was a judicial mistake, and could be corrected only by motion for a new trial or appeal. There was nothing in the record showing how the omission of the weight of the six bales occurred. Had the findings of the court or his docket entries given the data by which the judgment could be amended the principle would be different. Without knowing what was in the breast of the court, the manner of committing the error could not be ascertained. It would appear from the evidence that the weight of 3011 pounds of the cotton at 9½ cents had been omitted. What the trial judge remembered as explanatory of the error could not be made available in a motion to amend. The record proper would not show that there was any mistake—that is, such part of the record as could be resorted to for the purpose. The court had the evidence before him, and in estimating the amount due acted in the capacity of a jury, and neglected, or by oversight, it is *assumed,* failed to render judgment for the full amount due; in other words, failed to do justice between the parties. Suppose the case had been tried by a jury and they had returned a verdict similar to the findings of the court. The record could not correct the mistake or show that there was a mistake. Such a correction would be making a new verdict by the court. The court's findings ascertain that there were eighty-seven bales of cotton of the value

of 9½ cents per pound, but they do not ascertain how many pounds there were, or that any of the cotton was not included. In order to know the weight of the cotton and how much was omitted, we are compelled to refer to the evidence.

A verdict received and recorded for a sum certain as "principal and interest" due on a note sued on was held to be conclusive. Messner v. Hutchins, 17 Texas, 603. In the case cited the court say, that "if the verdict had contained the basis of the calculation made by the jury, or had afforded data by which their intention could be certainly ascertained, the mistake in their calculation might have been corrected and the amendment would have been proper. But having returned a verdict for the plaintiff for a sum certain, after it had been received and recorded the court had no power over it to change it. If the finding was erroneous and contrary to the evidence, the only way to correct it was by venire de novo or a new trial." The motion in the case to amend was made on the day the verdict was rendered, on the ground that the jury had miscalculated the interest due on the note as appeared therefrom. During the same term, in open court, the motion was granted and the judgment was amended so as to conform to the note. The Supreme Court rested their conclusions upon the construction of the Act of 1846 (Hart. Dig., art. 786; Pasch. Dig., art. 51), which, like our present statute (Rev. Stats., art. 1355), provides for correction of a judgment *in vacation* in case there shall be among the records of the proceedings in the suit in which such judgment or decree shall be rendered any verdict or instrument in writing whereby such judgment or decree may be safely amended. We do not see that this statute was applicable to the case then before the court, as the motion and the order were both made while the court was in session, the order made in open court during the term when the judgment was rendered. There was another statute in force applicable to the case, enacted in 1846, "that when in the record of any judgment or decree of any court [District Court act] there shall be any mistake, the judge of said court may in *open court* amend such judgment or decree according to the truth and justice of the case, but in all cases the opposite party shall have notice of the application for such amendment." Hart. Dig., art. 652; Pasch. Dig., art. 51. The same statute is substantially reenacted in the Acts of 1879, or rather continued in force. Rev. Stats., art. 1354.

In the case of Ramsey v. McCauley, 9 Texas, 106, an amendment was made in the District Court at a regular term, of a clerical error made by mistake of the clerk "in stating the title of the case in the margin before entering the verdict," writing J. H. McCauley v. John Ramsey, instead of George J. McCauley v. John Ramsey, the verdict failing to give the name of plaintiff, which was followed by the judgment, referring merely to the parties as plaintiff and defendant. The Su-

preme Court affirmed the judgment, amending as to the name of plaintiff, upon the ground that the whole of the proceedings were in the name of George J. McCauley as plaintiff, by which the correction could be made. This decision also rests upon article 786 of Hartley's Digest, though the correction was made in open court.

In Cowan v. Ross, 28 Texas, 228, a judgment by default was rendered in the District Court, though no disposition of the answer appears of record. Defendant filed petition in error after adjournment, and citation issued. At the third regular term of the District Court thereafter the plaintiff asked the court by motion to amend the judgment nunc pro tunc, representing that when the original cause was first called defendant withdrew his answer and consented to a judgment for the sum rendered, but that the clerk had omitted to make any entry of these facts. The administrator of defendant answered the motion, but at the same term the motion was granted and a judgment conformable to the alleged facts was rendered. By certiorari the amended judgment was brought up to the Supreme Court. The Supreme Court in general term held that it was competent for the court to amend its record entered at a previous term. No statute is referred to in the opinion.

In McConkey v. Henderson, 24 Texas, 212, there was suit on a note and to enforce vendor's lien on land for which it was alleged the note was given as purchase money. The jury returned a general verdict for $1650 principal and $25.70 interest, finding no lien, whereupon judgment was rendered for the sum found by the verdict to be due, and as follows: "And it also appearing to the satisfaction of the court from the note specially sued on that the sum of money is due for the purchase money of three certain tracts of land." Decree foreclosing lien followed. Subsequently, on motion to amend the judgment, the court entered an order as follows: "From an inspection of the verdict and the note upon which the suit was instituted, it appearing that there was error and miscalculation, in this, that the verdict and judgment in the cause instead of being for $1650 principal and $25.70 interest, should have been for $1726.49 principal and $101.27 interest." Then followed order correcting judgment for the latter amount. The Supreme Court, in reversing the case, said: "A judgment of a court of record must be founded on sufficient facts legally ascertained. The verdict omits a material part of the facts which are necessary to sustain the judgment, to-wit, that the note sued on was given in payment of the purchase money of the land described in the petition. Without such finding the decree of the court enforcing the vendor's lien is without foundation." It was also held that the amendment of the verdict and judgment by the note and other papers in the cause was manifest error, but as the error was not assigned it was not subject to revision. But the case was reversed because the verdict did not find the lien. It was decided in Blum v. Nelson, that "where there was a motion to allow

statement of facts to be made out after the adjournment of the court, and such order is entered, and from any cause it is not found in the minutes of the court, no entry at a subsequent term will be allowed unless the fact of its having been granted shall be established by memorandum upon the judge's docket or found among the files of the cause." 59 Tex., 380. See also Milam County v. Robertson, 47 Texas, 231.

In Ximenes v. Ximenes, 43 Texas, 464, the Supreme Court, reasoning from analogy of the rule in the District Court, declare "that there can be no doubt that the Supreme Court may at a subsequent term after final judgment, if there is a proper predicate for it, correct clerical errors or mistakes, cure defects of form, or add such clause as may be necessary to carry out the judgment of the court, and make the entry in the minutes correspond with and correctly express the judgment actually rendered as shown by the entire record." It was decided that the memoranda on the court's docket and the opinion of the judge announcing the views of the court could be resorted to for the purpose of amending.

Chief Justice Willie says, that "frequent decisions of the Supreme Court of this State have settled the right to have a judgment amended after the expiration of the term at which it was rendered, when through mistake or clerical error the record does not speak fully or truly the judgment as actually rendered." It was held proper for the presiding judge to so correct a judgment as to the name of one of the parties in whose favor it was rendered, the judge's docket furnishing the data for the correction. It was also decided, that as the amendment could be made before appeal to the Supreme Court, after the term, it could as well be done after the appeal was dismissed. Whittaker v. Gee, 63 Texas, 436. The motion in the above case appears to have been made under article 1354 of the Revised Statutes.

The case of Russell v. Miller, 40 Texas, 497, cited both the articles in Paschal's Digest, 49 and 51, in effect on the point before us the same as articles 1354 and 1355 of the Revised Statutes, making no distinction between them. In that case the suit was against three defendants —Russell, Allen, and Corley; there was no dismissal as to Allen and Corley; the suit was styled S. A. Miller v. R. R. Russell et al.; the verdict was for plaintiff for $65.24, and did not name either of the defendants; the judgment was rendered against Russell alone, August, 1872; on January 24, 1873, plaintiff moved the court to amend the judgment, the November term of the court having passed; and on final hearing of the motion it was adjudged by the court that plaintiff S. A. Miller, trustee, do have and recover of and from the defendants R. R. Russell, Clinton Allen, and James A. Corley the sum of $65, etc. On appeal it was held that the court had authority to amend the judgment under the act of 1846, the court citing Articles 49 and 51 of Paschal's

Digest, as well as Ramsey v. McCauley, supra. The court said: "We think it clear from the facts disclosed by the record that the omission to render judgment against appellants was such a mistake as should have been corrected by the court." Trammell v. Trammell, 25 Texas Supp., 261.

In both articles of the Revised Statutes, 1354 and 1355, the court is authorized to amend its judgments in certain cases "according to the truth and justice of the case;" in article 1354 the means by which the record, judgment, or decree may be corrected is not stated; in article 1355, which allows an amendment in vacation, it must be done by any verdict or instrument in writing whereby it may be safely done. But it seems from the authorities cited above that the correction under both statutes can only be done by matter appearing in the record. The conditions are particularly defined in article 1355, and those conditions must exist to authorize the change by motion, and it must be true that such an amendment may be had in open court, under circumstances that would not be allowed in vacation. But if a note sued on is not such an "instrument in writing" under article 1355 as would give the court power to correct its judgment or the verdict of a jury, it would not be such matter of record under article 1354 as would empower the court to add to the findings of the judge acting as a jury in determining the merits of the case. The bill of lading in this case stands upon no better footing than a promissory note, and in our opinion can not be made the basis of a correction of the judgment by motion. The error was not clerical, as it must be in all cases to authorize the change; it was the judicial act of the court—an error in failing to consider the evidence in the case, which could only be reached by new trial or resort to an appellate court. Besides, as before stated, it requires parol evidence to show what the intention of the court was in rendering the original judgment and to show how the error occurred, which could not be permitted. Such motions, if sustained at all, must be predicated on the record.

It seems that our conclusion must be the same as that reached by the Supreme Court in this case in overruling the motion to make the judgment a part of the record of the case while it was there pending on appeal. Had the ruling been upon the ground that a certiorari was the only proper method of bringing up the amended judgment, the Supreme Court would have dismissed the motion instead of overruling it. At all events the court had no power to amend the judgment on the motion, and its order of amendment was not res adjudicata, the court having no authority to make the order. It is claimed by defendants in error that the court in this injunction proceeding, having the parties and the facts of the original error before it, had the power to amend the judgment, and should proceed to do so.

All the facts were set up in the answer as supporting the amendment to the original judgment, and there was a prayer in the alternative that in case the amended judgment could not be sustained, the court should amend according to the findings of the judge so as to include the value of the 3011 pounds of cotton at $9\frac{1}{2}$ cents per pound, and interest from the date of the fire. There was also a prayer "for general and special relief such as the facts will authorize."

We do not think this is a case where such relief can be granted. To do so the original judgment must be set aside. As affirmed by the Supreme Court, it is res adjudicata of the matters involved in the controversy. That judgment is not void, nor in anywise invalidated by the amendment proceedings. Had this proceeding been to enjoin the collection of that judgment, then in case it had been set aside and enjoined the District Court could have proceeded to render such judgment as should have been rendered on the merits of the case. Witt v. Kaufman, 25 Texas Supp., 384; Willis v. Gordon, 22 Texas, 241; Bourke v. Vanderlip, Id., 222; Stein v. Frieberg, 64 Texas, 271; Seymour v. Hill, 67 Texas, 385. This is not such a case. Nor is there fraud, accident, or mistake of such a character as will authorize a revision of the judgment upon application for a new trial after the term; and if such mistake or fraud exist, the right to set it up is lost by the laches of defendant and the failure to explain the delay in resorting to such remedy. Defendant, after discovery of the error, sought to amend the judgment by motion, and relied on that amendment even after the Supreme Court had refused to allow it to be incorporated in the record before them and had affirmed the original judgment. There has been no legal revision of that judgment; it still stands, and is res adjudicata of the matters sought to be again litigated by defendant in this case.

We conclude that the judgment of the court below should be reversed, and that the collection of the amended judgment should be perpetually enjoined. We also conclude that the cause should be remanded.

*Reversed and remanded.*