FRANK UHER ET AL. v. CAMERON STATE BANK.

Decided February 9, 1910.

**Appeal from Justice Court—Judgment—Practice.**

An appeal by one defendant from a judgment against three makers of a promissory note removed the entire case for trial de novo. A judgment by default entered against appellant and his sureties on appeal bond, not disposing of the other defendants, was void, and it was proper practice, at a subsequent term, on motion, to dismiss as to such defendants not disposed of, on showing that they were insolvent, and enter the judgment nunc pro tunc against appellant and his sureties.

Error from the County Court of Milam County. Tried below before Hon. John Watson.

*W. A. Morrison,* for plaintiff in error.

*U. S. Hearrell,* for defendant in error.

KEY, ASSOCIATE JUSTICE.—The nature and result of this suit and the facts upon which a reversal is sought are set out as follows in the brief of the plaintiffs in error:

"This action was begun in a Justice Court in Milam County on the 13th day of January, 1908. The action being one by the Cameron State Bank to recover against Frank Uher, Thomas Blinka and F. O. Richter, as defendants, on a certain promissory note in the sum of $100, providing for eight percent interest and ten percent attorney's fees; and it was alleged that $125 was due on the note. On the 29th day of February, 1908, there was a trial in the Justice Court, which resulted in a judgment against the three above named defendants, jointly and severally, for the sum of $122.37 and costs of suit, and for execution, and said judgment finding that the defendant Richter was endorser, and providing that the execution first issue against the defendants Uher and Blinka.

"From the above judgment the defendant Thomas Blinka alone perfected an appeal to the County Court of Milam County, and for that purpose entered into a bond in the sum of $245, conditioned as required by law, which bond was signed by the defendant Blinka as principal and V. A. Kubecka and J. E. Hill as sureties. The said bond was approved by the justice of the peace on the 6th day of March, 1908, and on the 6th day of April, 1908, the bond and tran-

script were filed in the County Court of Milam County, Texas. The County Court of Milam County met for the April term on the 6th day of April, 1908, the very day the transcript was filed in said court. On the next day, April 7, 1908, a judgment by default was rendered in the County Court against Thomas Blinka for the sum of $124.52 and all cost of suit, including the cost from the Justice Court, and against the sureties on his appeal bond for the amount rendered against the principal, but no disposition was made of the defendants Uher and Richter.

"The April term of the County Court adjourned on the 25th day of April, 1908. The December term of the County Court begun on the 7th day of December, 1908, and adjourned on the 26th day of December, 1908. Prior thereto, on August 10, 1908, the plaintiff Cameron State Bank filed an amended petition in which it set up the note sued on and alleged that on the 29th day of February, 1908, it had recovered a judgment against all of the defendants, Uher, Blinka and Richter, and in which it was alleged that on the 7th day of April, 1908, a judgment had been rendered against the defendant Blinka and his sureties on his appeal bond, but that the judgment was only interlocutory for the reason that it had not disposed of the defendants Uher and Richter. In this amended petition it was alleged that the defendants Uher and Richter were both insolvent, and prayed that the suit be discontinued and dismissed as to said last two named defendants, and also prayed that the 'purported' judgment, as theretofore rendered on the 7th day of April, 1908, be set aside, and asked for a new judgment against Blinka and the sureties on the bond for the amount of the note, interest and attorney's fees. On page 15 of the transcript will be found a certificate signed by J. T. Miller, stating that on the 13th day of August he had delivered in person to Thomas Blinka, one of the defendants, a certified copy of the amended petition. This paper has no file mark upon it, and there is nothing in the record to show that any writ was ever issued commanding the said constable to deliver said copy, nor is it sworn to, nor does it appear how it came among the papers of this action.

"On the 25th day of November, 1908, there was an application filed in the County Court asking to have a judgment entered nunc pro tunc in this cause, in which it was alleged that on the 20th day of August the plaintiff, Cameron State Bank, had recovered a judgment and that the judgment had not been entered, and the judgment was asked to be entered nunc pro tunc, and this judgment seems to have been entered at the December term. On the 25th day of November, 1908, notice to the defendants, Blinka and his sureties on his appeal bond, seems to have been issued. This notice did not purport to be a copy of the motion filed by the plaintiff, Cameron State Bank, but was simply a notice to the effect that a motion had been filed.

"The December term of the court began on the 7th day of the month, and on the 12th another judgment was rendered against the defendants, Blinka as principal, and Kubecka and Hill as sureties, and in which the alleged judgment of August 20, 1908, was purported to have been entered nunc pro tunc; and there still being no answer by any of the defendants, a judgment was rendered against

the defendant Blinka and his sureties, jointly and severally, for the sum of $124.17.

"On February 27th, 1909, the defendant Thomas Blinka filed in said court his application for writ of error to this court, and on the same day a citation was duly issued and served by the sheriff of Milam County on the defendant in error. At the same time the defendant Thomas Blinka filed his supersedeas writ of error bond, which was approved, and on the 13th day of April, 1909, filed his assignments of error, and has brought the same case into this court for correction and revision."

We deem it proper to add that the last judgment, of date December 12, 1908, contained a dismissal as to the defendants Uher and Richter.

Without considering in detail the several assignments of error, we announce our conclusion that no error has been shown, and the judgment should be affirmed. The appeal by the defendant Blinka from the Justice Court to the County Court carried the entire case to that court for trial de novo. The first judgment, as entered·upon the minutes, did not dispose of two of the defendants, and therefore it was void and of no effect. (Linn v. Arambould, 55 Texas, 611.)

In Linn v. Arambould, *supra,* it was held that such a judgment was void, and left the case pending in the court as though there had been no trial. In that case several years had elapsed, and it was suggested, as proper practice, that the case be redocketed and retried on its merits under such requirement of notice as might be proper. In the case at bar the course suggested was pursued to this extent: proper notice was given, but the case was not retried, but judgment entered nunc pro tunc, because it was shown by proof, as alleged in the application to render judgment nunc pro tunc, that a proper judgment had been rendered in the first instance on April 7, 1908, which finally disposed of all the parties, but that such judgment had not been properly entered upon the minutes of the court. That was the proper course to pursue. (Whittaker v. Gee, 63 Texas, 435.)

No error has been shown and the judgment is affirmed.

*Affirmed.*