## CANNON v. CANNON.

'No. 8639.

Court of Civil Appeals of Texas. San Antonio.
Oct. 14, 1931.

Rehearing Denied Nov. 18, 1931.

James A. Harley and C. W. Trueheart, both of San Antonio, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

FLY, C. J.

Appellee was granted a divorce from appellant, and obtained a judgment against him for certain property, real estate, notes, stocks, and attorney's fees. Appellant was also adjudged to pay a monthly sum of $50 for the maintenance and support of two minor children. The original judgment was so corrected as to give appellee a one-half interest in corporate stocks and shares which had been placed as collateral for debts amounting to $21,760; said half not to be incumbered with any debts, but free from all claims or demands. The appeal is based on, and all complaints directed at, the amended judgment. The date of the original judgment was January 20, 1930, and the motion to correct or amend the judgment was filed October 30, 1930. The correction was sought on the ground of fraud on the part of appellant in omitting the shares from the inventory made by him of the property belonging to appellant and appellee. The inventory was filed on July 15, 1929. The notes for which the stock was pledged were given for the purchase money of the stock. The stock was purchased by appellant in October after the inventory had been filed in July. Appellant filed a supplemental inventory, which was not assailed by appellee in the trial court.

The court decreed that "the one-half interest in all of said shares of the said W. A. Cannon, shall first be liable for all of said demand notes before the one-half interest of the plaintiff, Carmen Stockton Cannon, will be liable thereon; and that all of said demand notes are adjudged to be due and owing by the defendant, W. A. Cannon."

The motion or petition was made long after the adjournment of the court which entered the original judgment. The motion called for adjudication of the title to certain property which had not been passed upon by the court. A correction of the former judgment was not sought. No error was assigned in the former judgment. The rule is well stated in Kirberg v. Insurance Co. (Tex. Civ. App.) 30 S.W.(2d) 663, 665, by a quotation from Nichols v. Dibrell, 61 Tex. 541, as follows:

"It is well settled that the decision of a court of competent jurisdiction is conclusive, not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case and which they might have had decided. * * *

"This court has frequently indorsed this principle and adhered to it whenever it has been called in question. * * *

"It has been applied * * * to cases in which the wife was a party to the previous suit, and have held her bound by the judgment in the same manner as any other litigant."

The rule is supported by article 2228, Rev. Stats., and other cases. The case of Railway v. Haynes, 82 Tex. 448, 18 S. W. 605, is direct-

ly in point, and the case of Hamilton v. Joachim (Tex. Civ. App.) 160 S. W. 645, holds to the same doctrine.

■ To hold that judgments can be added to at any subsequent term, in the absence of fraud or mistake, would destroy the finality of any judgment, and produce a chaotic condition in the acts of any court. If property can be added to an inventory in any case after the term has ended, it could be pursued indefinitely. The original judgment was not defective in any respect, and the effort was not to correct an error in the judgment, but to obtain adjudication on a new matter. The last judgment was null and void.

The judgment in this case was unjust, unconscionable, and unparalleled, and would not have been sustained, had we concluded the court had jurisdiction to render a second judgment. Appellee was not only given one-half the property, but her half was exempted from any payment of the purchase money until all of the interest of appellant had been consumed. Upon what principle of law or rule of equity the judgment was based is not apparent.

The judgment is reversed, and judgment is here rendered that appellee take nothing by the new judgment rendered in her behalf, and that she pay all costs in this behalf expended.