**John Harry SHELBY, Appellant,**

v.

**David M. SHELBY, Appellee.**

**No. 16460.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 5, 1974.

Rehearing Denied Jan. 16, 1975.

Wheat, Thornton & Shaw, William L. Burnett, Houston, for appellant.

No brief filed for appellee.

EVANS, Justice.

Appellant, John Harry Shelby, has filed motion and supporting brief seeking order directing the Clerk of this court to file transcript and statement of facts under Rule 389, Texas Rules of Civil Procedure. The basic question is whether Shelby timely perfected his appeal and this involves the related question of whether the trial court's entry of judgment nunc pro tunc was effective to extend the time for perfection of appeal.

Shelby sued for damages for breach of contract as a third party beneficiary under a property settlement agreement incident to the divorce proceedings between his parents. Under the property settlement agreement, Shelby was entitled to receive his tuition and expenses for a four-year college education. The jury found, in response to the only special issue submitted, that the total amount of money expended by Shelby for his college education during said four-year period was the sum of $6,750.00. After the jury's verdict had been received and filed and the jury dismissed, the trial court by judgment signed on June 28, 1974, awarded Shelby damages in the amount of $5,450.00, being the amount of the jury's award less $1,300.00 which the evidence showed Shelby had already been paid. After the trial had been concluded, Shelby learned from discussion with the jurors that subsequent to their deliberations, they had agreed to subtract the sum of $1,300.00 from their award.

Shelby filed his motion for new trial on July 9, 1974, which was one day late under Rule 329b, T.R.C.P. He subsequently filed an amended motion for new trial on July 24, 1974 and hearing was held on that motion on August 5, 1974. On August 28, 1974 the trial court overruled Shelby's amended motion for new trial and entered a nunc pro tunc judgment whereby it awarded Shelby the full sum of $6,750.00. Shelby then sought to appeal from the nunc pro tunc judgment by filing notice of appeal on September 3, 1974 and his bond on September 18, 1974.

The trial court has the inherent power to order the correction of clerical

errors in its judgment by entry nunc pro tunc even after the judgment has become final under Rule 329b, T.R.C.P.; Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; McDonald, Texas Civil Practice, Vol. 4, 1971 rev., Sections 17.07.1, 17.08.1, pp. 55–63. However, where the recorded judgment correctly states the court's decision, the fact that it did not, through inadvertence or mistake, correctly reflect the court's true intent, does not justify correction through entry nunc pro tunc. McDonald, Texas Civil Practice, 17.08.1, p. 61.

In Missouri Pac. Ry. Co. v. Haynes, 82 Tex. 448, 18 S.W. 605 (1891), the trial court after deciding to render judgment for the plaintiff failed, through oversight, to properly calculate the weights of the cotton bales upon which the award was to be determined and later attempted to correct this mistake by entry nunc pro tunc during a subsequent term of court. Holding that this was a judicial error and not merely a clerical error which could be corrected by entry nunc pro tunc, the Texas Supreme Court said:

"The oversight of the court was not of that character that could be corrected after the term by motion under the statute. It was a judicial mistake, and could be corrected only by motion for a new trial or appeal. There [is] nothing in the record showing how the omission of the weight of the six bales occurred. Had the findings of the court or his docket entries given the *data* by which the judgment could be amended, the principle would be different. Without knowing what was in the breast of the court, the manner of committing the error could not be ascertained. It would appear from the evidence that the weight of 3,011 pounds of the cotton at 9½ cents had been omitted. What the trial judge remembered as explanatory of the error could not be made available in a motion to amend. The record proper would not show that there was any mistake,—that is, such part of the record as could be resorted to for the purpose. The court had the evidence before him,

and in estimating the amount due acted in the capacity of a jury, and neglected, or by oversight, it is assumed, failed, to render judgment for the full amount due; in other words, failed to do justice between the parties. Suppose the case had been tried by a jury, and they had returned a verdict similar to the findings of the court, the record could not correct the mistake, or show that there was a mistake. Such a correction would be making a new verdict by the court."

 In this case the error may only be determined by an examination of facts dehors the record which requires the exercise of a judicial function by the trial court. The jury's verdict sets forth the amount which it determined had been expended by Shelby for his college education and the trial court had no power to correct by entry nunc pro tunc any error in its verdict. Messner v. Hutchins, 17 Tex. 597 (1856).

We hold the order of the trial court dated August 28, 1974 was ineffective as a nunc pro tunc judgment and did not extend appellant's time for perfecting his appeal.

Appellant's motion is denied.