**Beulah J. FINLAY, Relator,**

v.

**Honorable Herman JONES, Judge of the 53rd Judicial District Court of Travis County, Texas, and John L. Moulden, Respondents.**

No. B-1007.

Supreme Court of Texas.

Dec. 4, 1968.

Rehearing Denied Jan. 15, 1969.

Byrd, Davis, Eisenberg & Clark, Dick Allison, Austin, for relator.

Small, Herring, Craig, Werkenthin & Shannon, Bob Shannon, of counsel, for respondent in mandamus and nunc pro tunc proceedings only.

Jones, Blakeslee, Minton, Burton & Fitzgerald, Austin, for respondents.

CALVERT, Chief Justice.

By an original proceeding in this court, relator seeks issuance of a writ of mandamus to compel Judge Herman Jones to set aside an order, entered by him on May 17, 1968, granting a motion for new trial in Cause No. 144,607 on the docket of the 167th District Court of Travis County, or, alternatively, to set aside a nunc pro tunc judgment entered by him in the same cause on May 1, 1968. She is entitled to have the writ issue.

On August 31, 1967, Judge Jones rendered and entered a default judgment in favor of relator as plaintiff in Cause No. 144,607. By the terms of the judgment relator-plaintiff was awarded a recovery from John L. Moulden, defendant, of $35,000 as damages for personal injuries.

Notice of entry of the judgment was given to Moulden's attorney who promptly filed a motion for new trial. The motion was not called to the attention of the trial judge and, under the provisions of Rule 329b, Texas Rules of Civil Procedure, was overruled by operation of law on October 23, 1967.

On February 26, 1968, Moulden filed a bill of review, separately numbered on the trial court's docket, by which he seeks to set aside the default judgment. Relator has answered, and the bill of review suit is pending on the docket untried.

On April 9, 1968, Moulden filed under the cause number of the original suit an instrument entitled, "Application for Entry of Judgment Nunc Pro tunc", in which he alleged that certain recitations in the original judgment were erroneous and by which he sought to have them corrected. Judge Jones, after a hearing on the application, made findings that certain recitations in the judgment were erroneous and proceeded on May 1, 1968, to render a judgment with corrected recitals, nunc pro tunc, as of the date of the original judgment. No change was made in the decretal part of the judgment which awarded relator a recovery of $35,000 and all court costs. So that the changes made in the original judgment may be more readily apparent, we quote below the recitations as they appeared in the original judgment of August 31, 1967 and as they appeared in the nunc pro tunc judgment of May 1, 1968.

### JUDGMENT OF AUGUST 31, 1967

"Defendant though duly, legally and regularly cited according to law to answer herein, failed to appear and wholly made default. It further appearing that every process of law was duly and legally performed and every notice was duly given defendant as required by law but nevertheless he wholly made default."

### JUDGMENT OF MAY 1, 1968

"The defendant was not duly, legally and regularly cited according to law to answer herein, but was, rather, duly, legally and regularly cited according to law to answer in Cause No. 144,608, pending in the 167th District Court of Travis County, Texas, and the defendant John L. Moulden did not fail to appear and did not wholly make default, but, rather, an answer for defendant, John L. Moulden was filed on August 6, 1965, by his attorney, Roy Minton, and said answer was on file on August 31, 1967. It further appeared that no notice was given to defendant or his attorney as required by law and that he did not make default."

The trial judge made a number of findings in support of his corrected judgment. Briefly summarized, they are to the effect that the recitations in the first judgment of due service of citation on the defendant and of his failure to appear and his default were erroneous, and that their inclusion in the judgment was due to clerical and not judicial errors; that the defendant was served with citation under a different cause number, but, nevertheless, in due time filed in Cause No. 144,607 a written answer which was on file at the time the default judgment was rendered, but that it was unfound and un-noticed because someone in the clerk's office had inadvertently placed it with the papers in another case.

On May 2, Moulden filed a motion for new trial which was granted by the trial court on May 17. Asserted authority for the trial court's order granting Moulden a new trial, entered in response to a motion filed some six months after the court's first judgment had apparently become final, is Rule 306b, Texas Rules of Civil Procedure.

As indicated at the beginning of this opinion, the order granting Moulden a new trial is the primary object of relator's attack in this proceeding. Relator contends that the order is not authorized by Rule 306b and that it is, therefore, invalid. We do not find it necessary to decide that question because we are convinced that the nunc pro tunc judgment is invalid and must fall; and when the nunc pro tunc judgment falls, all subsequent proceedings predicated upon it, including the order granting Moulden a new trial, fall automatically.

■ It seems quite clear to us that the errors found by the trial court to exist in the original judgment were judicial and not clerical errors. As such, they could not be corrected after the end of the term at which the judgment became final, that is, after the expiration of thirty days from the date on which the original motion for new trial was overruled by operation of law. Rule 329b, Texas Rules of Civil Procedure; Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031 (1934). Such has been the consistent holding of this court through a long series of cases. See Perkins v. Dunlavy, 61 Tex. 241 (1884); Missouri Pac. Ry. Co. v. Haynes, 82 Tex. 448, 18 S. W. 605 (1891); Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912); Arrington v. McDaniel, 119 Tex. 148, 25 S.W.2d 295 (1930); Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819 (1936); Tunnell v. Otis Elevator Co., 404 S.W.2d 307 (Tex.Sup.1966). Respondents do not contend that judicial errors are subject to correction after expiration of the term at which they are entered. They contend, rather, that the errors in the original judgment were clerical errors, as found by the trial court, which the trial court had inherent power as well as express authority conferred by Rules 316 and 317, Texas Rules of Civil Procedure, to correct at any time. Respondents cite a number of cases from other jurisdictions which they say support their claim that the errors were clerical rather than judicial. We are more concerned with the state of our own decisions.

■ Whether the errors in the original judgment are judicial or clerical is obviously a question of law, and the trial court's finding or conclusion as to the nature of the errors is not binding on this court. When respondents' argument on this phase of the case is carefully analyzed, its emphasis seems to be that because the inadvertent clerical errors—wrongly numbering the cause and the citation and erroneously filing Moulden's answer with the papers in another case—were responsible for the erroneous recitations in the court's judgment, the latter errors were ipso facto clerical. But, errors in rendered and entered judgments are not clerical merely because they are based upon or grow out of clerical errors. See Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819 (1936), in which an unintended judgment of dismissal was held to be judicial error in spite of the fact that the case was inadvertently and through mistake placed upon a list of cases to be dismissed for want of prosecution.

■ Briefly stated, the two erroneous recitations made by the trial court in the judgment rendered on August 31, 1967, were that (1) the defendant Moulden had been duly served with citation, and (2) the defendant had not appeared and had not filed an answer. Respondents suggest in their brief that in entering the judgment, the trial judge was "simply signing a judgment containing erroneous recitations of fact prepared and presented by Relator's attorneys." That may or may not be so as a practical matter, but it cannot be accepted as true in determining the nature of the errors in the judgment. The two basic judicial decisions a trial judge must make before rendering and entering a default judgment are (1) that the court has jurisdiction of the subject matter and the parties to the suit, and (2) that, on the record, the case is ripe for the judgment. These de-

cisions cannot possibly be clerical because the court has no more solemn judicial obligation than that of seeing that no litigant is unjustly saddled with a judgment in the absence of notice and a hearing. Before rendering and entering the August 31, 1967 judgment, Judge Jones had a judicial duty to ascertain and determine that Moulden had been duly served with citation and that he did not have an answer on file. He made these determinations, however erroneously, and included recitations of his findings in his judgment. The erroneous recitations were judicial errors.

Some of the cases cited by respondents indicate that the erroneous recitations contained in the August 31, 1967 judgment might be regarded as clerical in other jurisdictions. Not so in Texas under this court's decisions, cited *supra*. Considering first the error made by the court with respect to service of citation on Moulden, Perkins v. Dunlavy, 61 Tex. 241 (1884), is squarely in point. In that case, the trial court entered an order sustaining a motion to quash service of citation on the defendant as being defective. After the end of the term, the trial court sought, upon a finding that the judgment was erroneous, to set the first judgment aside. This court held that the error was a judicial error and was not to be corrected on mere motion. We have found no Texas case squarely in point on the error made by the trial court with respect to the ripeness of the case for default judgment, but the rationale of such cases as Missouri Pac. Ry. Co. v. Haynes, 82 Tex. 448, 18 S.W. 605 (1891) and Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819 (1936), seems quite clearly to require a holding that the error was judicial. We have briefly analyzed *Love* earlier in this opinion. In *Haynes*, the trial court erroneously computed the plaintiff's damages because of a clerical error and rendered and entered a judgment for less than the plaintiff was entitled to recover. This court held that the trial court was powerless to correct the judgment after it became final because the error was judicial and not clerical.

Rules 316 and 317, Texas Rules of Civil Procedure,[1] would seem to authorize a trial court to make almost any type of correction in its judgments at almost any time, but they have not been so interpreted by this court. They have been a part of our procedural law as rules or statutes, in substantially their present wording, since 1846. See 2 Gammels Law of Texas 1509 and 1702. As guiding statutes, they were quoted in full in a footnote in *Haynes* in 1891.

Respondent Moulden is gravely concerned that he will be relegated to his bill of review to obtain relief from the default judgment if the nunc pro tunc judgment and the order granting a new trial are ordered set aside. That may well be so at this point in time, but it was not so in the beginning. The Rules of Civil Procedure provided him with specific tools for protecting himself against the judgment. Rule 239a required that notice of the default judgment be sent to his last known address. The notice was sent. The purpose of the notice was to give him ample opportunity to file a motion for new trial. The motion was duly and timely filed and there seems little doubt that it would have been granted if it had been presented to the trial judge. Having failed to obtain a new trial, Moulden could have rid himself of the judgment by appealing pursuant to Rules 352–355, or under Article 2255, which conferred upon him a right to

---

1. *Rule 316.* "Mistakes in the record of any judgment or decree may be amended by the judge in open court according to the truth or justice of the case * * *."

   *Rule 317.* "Where in the record of any judgment or decree of a court, there shall be any omission or mistake, miscalculation or misrecital of a sum or sums of money, or of any name or names, if there is among the records of the cause any verdict or instrument of writing whereby such judgment or decree may be safely amended, it shall be corrected by the court, wherein such judgment or decree was rendered * * * according to the truth and justice of the case. * * *"

appeal by writ of error at any time within six months after the judgment became final. If an appeal had been taken, it is unlikely that any appellate court would have permitted the default judgment to stand. Having failed to avail himself of these simple and efficacious remedies, Moulden is now relegated to his bill of review for obtaining relief, but this is not because of shortcomings in the Rules and does not justify subverting other Rules to an unintended purpose.

In McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961), we dealt with a case in most respects similar to this. We held in that case that a default judgment on legally insufficient service of citation could not, after it became final, be set aside on motion, but only by appeal or bill of review. The effect of that decision in interpreting the Rules of Civil Procedure is not to be voided by nunc pro tunc procedures not contemplated by our decisions.

Writ of mandamus directing respondent, Judge Herman Jones, to set aside the nunc pro tunc judgment of May 1, 1968, and the order of May 17, 1968, granting the motion for new trial will issue only if he declines to set the same aside voluntarily.