NO. 12-03-00066-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


AAA NAVI CORPORATION,
§
 APPEAL FROM THE 

APPELLANT



V.
§
 COUNTY COURT AT LAW


PARROT-ICE DRINK PRODUCTS

OF AMERICA, LTD.,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

OPINION


 AAA Navi Corporation ("AAA") appeals the trial court's entry of a no-answer default
judgment in favor of Parrot-Ice Drink Products of America, Ltd. ("Parrot-Ice"). AAA raises one
issue on appeal. We reverse and remand for a new trial.


Background

 Parrot-Ice filed its first amended petition on or about March 12, 2002, seeking recovery from
AAA on a sworn account. The record reflects that a return of service was filed on or about June 26,
2002, indicating that service was executed in Travis County, Texas, by delivering citation to the
Secretary of State for the State of Texas. On September 12, 2002, the trial court entered a no-answer
default judgment against AAA. On February 25, 2003, AAA filed a notice of restricted appeal. On
February 26, 2003, Parrot-Ice filed an unexecuted return of service, indicating that on January 17,
2002, service was attempted on AAA through David Swaim, but that no one at the business located
for the past five years at 12222 Merit, Suite 1450, had any knowledge of such a person and that no
other address was found for David Swaim.

No-Answer Default Judgment

 The Texas Rules of Civil Procedure have been developed by our courts to protect the rights
of all litigants. Seib v. Bekker, 964 S.W.2d 25, 27 (Tex. App.-Tyler 1997, no pet.). One of the two
basic judicial decisions a trial judge must make before rendering and entering a default judgment is
that the court has jurisdiction of the subject matter and the parties to the suit. See Finlay v. Jones,
435 S.W.2d 136, 138 (Tex. 1968). Such a decision cannot possibly be clerical because the court has
no more solemn judicial obligation than that of seeing that no litigant is unjustly saddled with a
judgment in the absence of notice and a hearing. Id. at 138-39. As such, the trial court has a duty
to ascertain and determine that the defendant has been duly served with citation and that he does not
have an answer on file. Id. at 139; see also Tex. R. Civ. P. 107.

 It follows that the return of service of process under Rule 107 is not a trivial or formulaic
document. See Seib, 964 S.W.2d at 28. The supreme court requires that strict compliance with the
rules for service of citation affirmatively appear in the record in order for a default judgment to
withstand direct attack. (1) See Silver, 884 S.W.2d at 152. We review the entire record to determine
whether a lack of jurisdiction is apparent, thereby invalidating the trial court's judgment. See Dezso
v. Harwood, 926 S.W.2d 371, 373 (Tex. App.-Austin 1996, writ denied).

 When the defendant is a corporation, service of process is governed by the Texas Business
Corporation Act. See G.F.S. Ventures, Inc. v. Harris, 934 S.W.2d 813, 816 (Tex. App-Houston
[1st Dist.] 1996, no pet.). The Act places a duty upon corporations to maintain a registered agent
and office, and to notify the Secretary of State of any change to either. Id.; Tex. Bus. Corp. Act
Ann. arts. 2.09, 2.10, 2.10-1 (Vernon 2003); RWL Constr., Inc. v. Erickson, 877 S.W.2d 449, 451
(Tex. App.-Houston [1st Dist. 1994, no writ). The Act provides that the secretary of state becomes
the agent for service of process of a corporation whenever a corporation fails to maintain a registered
agent in Texas, or whenever its registered agent cannot be found with reasonable diligence at the
registered office. See Tex. Bus. Corp. Act Ann. art. 2.11(B)(Vernon 2003).

 In its sole issue, AAA contends that the record is devoid of evidence that it was served in
strict compliance with the law. Specifically, AAA argues that the record does not reflect that Parrot-Ice exercised due diligence in attempting to serve an agent of AAA prior to effecting service on the
secretary of state. We agree. 

 The use of reasonable diligence in attempting to serve a corporation's agent is a prerequisite
to attempting service through the secretary of state. See, e.g., Houston's Wild West, Inc. v. Salinas,
690 S.W.2d 30, 32 (Tex. App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.) (concluding that appellee
used reasonable diligence in attempting service on the appellant's registered agent, completing all
prerequisites of Article 2.11 before taking the final step of serving the secretary of state). Parrot-Ice
argues that the unexecuted return of service it filed on February 26, 2003 is evidence that it satisfied
the prerequisites of service pursuant to Article 2.11. However, an appellate court can consider only
the record as filed and cannot consider documents not included in the record and not considered by
the trial court. See In re J.N.R., 982 S.W.2d 137, 140 n. 3 (Tex. App.-Houston [1st Dist.] 1998, no
pet.), overruled on other grounds, In the Interest of C.H., 89 S.W.3d 17, 26 (Tex. 2002). Moreover,
Texas Rule of Appellate Procedure 34 does not permit the trial court to change the record once the
appeal has been perfected. See, e.g., Laidlaw Waste Sys., Inc. v. Wallace, 944 S.W.2d 72, 73 (Tex.
App.-Waco 1997, writ denied) (court of appeals could not consider clerk's affidavit explaining
service of process procedures); Gerdes v. Marion State Bank, 774 S.W.2d 63, 65 (Tex. App.-San
Antonio 1989, writ denied) (trial court could not add file mark to citation after case was appealed);
see also Armstrong v. Minshew, 768 S.W.2d 883, 884 (Tex. App.-Dallas 1989, no writ) (review
limited to the record as it existed before the trial court at the time the default judgment was
rendered). Thus, we may not consider the unexecuted return filed after AAA perfected its appeal
on February 25, 2003. See Tex. R. App. P. 25.1(a) (appeal perfected when written notice of appeal
filed with trial court clerk). Our review of the record has not uncovered any evidence that Parrot Ice
exercised reasonable diligence in attempting to serve AAA's agent prior to accomplishing service
through the secretary of state. As the record does not reflect that Parrot-Ice met the prerequisites set
forth in Article 2.11, the trial court could not reasonably conclude that AAA had been served in strict
compliance with the law. We hold that the trial court's lack of jurisdiction is apparent. AAA's sole
issue is sustained.


Conclusion

 The party requesting service should carry a heavy burden before its opponent loses the right
to be heard on the merits of the lawsuit. See Wallace, 944 S.W.2d at 75. Because Parrot-Ice failed
to meet its heavy burden, we sustained AAA's sole issue. Accordingly, we  reverse the judgment
of the trial court and remand this cause for a new trial.



 DIANE DEVASTO 

 Justice



Opinion delivered August 27, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

























(PUBLISH)
1. A restricted appeal is considered a direct attack on a default judgment. See Lewis v. Ramirez, 49 S.W.3d
561, 564 (Tex. App.-Corpus Christi 2001, no pet.). In the face of such a direct attack, there are no presumptions in
favor of valid issuance, service, or return of the citation. See Primate Const., Inc. v. Silver, 884 S.W.2d 151, 152
(Tex. 1994).