NUMBER 13-10-500-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

LACK’S VALLEY STORES,
LTD.,                                                   Appellant,

 

v.

 

HIDALGO COUNTY
APPRAISAL DISTRICT,                    Appellee.

                                                                                                                     
  

 

On appeal from the 332nd
District Court 

of Hidalgo County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Justices Benavides,
Vela, and Perkes 

Memorandum Opinion by
Justice Vela

 

This is an appeal from a
summary judgment granted in favor of Hidalgo County Appraisal District
(“HCAD”), appellee, and against appellant, Lack’s Valley Stores, LTD.
(“Lack’s”) in a suit alleging a cause of action for the correction of clerical
errors made to the appraisal rolls for the ad valorem property taxes and
pursuant to section 25.25(c) of the Texas Tax Code.  See Tex. Tax Code Ann. § 25.25(c) (West
2008).  Lack’s alleges that the clerical errors resulted from HCAD’s failure to
appropriately account for depreciation when appraising the market value of
Lack’s inventory.  Lack’s raises six issues, complaining that the trial court
erred in granting summary judgment.  We affirm. 

                                                                                                     
I.       
Background

The petition filed by Lack’s
against HCAD urged a cause of action for the correction of clerical errors
pursuant to section 25.25(c) of the Tax Code.  See id.  Lack’s is
a furniture retailer with inventory subject to ad valorem property taxes in
Hidalgo County, Texas.  HCAD assessed taxable values on Lack’s inventory for
the disputed years of 2003, 2004, and 2005.  Following each assessment, HCAD
subsequently sent Lack’s a “Notice of Appraised Value,” which informed Lack’s
of the taxable value associated with each account and contained information
regarding the appeals process.  For each year disputed, Lack’s filed a “Notice
of Protest” with the Hidalgo County Appraisal Review Board (“Review Board”)
disputing the taxable values associated with each of the various accounts. 
Following negotiations, the protested accounts received a reduced valuation in
accordance with the settlement agreement.  The protested accounts, along with
the other non-protested accounts, then became the appraisal roll for each of
the corresponding tax years.  On August 7, 2008, after discovering that HCAD
had failed to account for depreciation and had thus erred in their calculation
of market value, Lack’s filed a motion with the Review Board, alleging that
clerical errors had been committed and should be corrected on the appraisal
roll pursuant to section 25.25(c) of the Tax Code.  See id. 
After evidence and arguments were submitted by both sides, the Review Board
ruled that there had been no clerical errors committed during the 2003, 2004,
and 2005 tax years.  Lack’s subsequently filed suit seeking judicial review of
the Review Board’s decision.   

On November 2, 2009, HCAD
moved for traditional summary judgment.  The motion detailed the facts and
mentioned the cause of action pleaded—correction of clerical errors pursuant to
section 25.25(c) of the Tax Code.  See id.  The motion stated
that HCAD had not committed any clerical errors in their valuation.  In support
of this assertion, HCAD alleged that the market value rendered during the
corresponding tax years resulted from the deliberate determination of HCAD and
did not result from any errors in writing, copying, transcribing, entering, or
retrieving computer data, computing or calculating.  See Tex. Tax Code Ann. § 1.04(18) (West
2008).  HCAD’s motion stated that the determination of a clerical error was a
question of law, and therefore, this case was ripe for summary judgment since
there were no genuine issues of material fact.  HCAD further urged that the
purpose of Lack’s claim was to reassess the market value of the property and that
section 25.25(c) of the Tax Code did not provide for such a remedy.  See id. 
Consequently, Lack’s was not entitled to any relief as a matter of law
regarding the claims urged.  The motion was supported by the affidavit of
Rolando Garza, the Chief Appraiser for HCAD.  

In response, Lack’s argued
that the motion was improper because material facts remain disputed and should
be resolved prior to any such determination made on summary judgment.  Lack’s
thus contends that any determination made on summary judgment was premature. 
Furthermore, Lack’s specifically objected to the affidavit of Mr. Rolando
Garza, urging that the evidence was not only incompetent, but was also
controverted by the expert report submitted by Lack’s in response to HCAD’s
motion for summary judgment.  The trial court granted HCAD’s motion for summary
judgment.  Lack’s subsequently filed this appeal.  

                                                                                         
II.       
Standard of Review

In a summary judgment case,
the movant must show that there is no genuine issue of material fact and that
the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Provident Life & Acc. Ins.
Co. v. Knott, 128 S.W.3d 211, 215–216 (Tex. 2003); M.D. Anderson Hosp.
& Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991).  The movant
carries the burden of proof.  City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).  A defendant that conclusively negates at
least one essential element of the plaintiff’s cause of action is entitled to
summary judgment.  Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995); Klentzman
v. Brady, 312 S.W.3d 886, 896-897 (Tex. App.—Houston [1st Dist.] 2009, no
pet.).  The burden to raise a fact issue shifts to the non-movant only after
the movant has established that it is entitled to summary judgment as a matter
of law.  Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989). 

We review a traditional
motion for summary judgment de novo.  Mid-Century Ins. Co. v. Ademaj,
243 S.W.3d 618, 621 (Tex. 2007); Valence Oper. Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005); Natividad v. Alexsis, Inc., 875
S.W.2d 695, 699 (Tex. 1994).  We consider the evidence in the light most
favorable to the non-movant and resolve all doubts in the non-movant’s favor.  W.
Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).  Issues not
expressly presented to the trial court by written motion, answer or other
response shall not be considered on appeal as a ground for reversal.  See Tex. R. Civ. P. 166a(c); City of
Houston, 589 S.W.2d at 677.

                                                                                                         
III.       
Analysis

A.    Correction of Clerical Errors 

Lack’s contends, in issues
four and five, that the trial court erred in its interpretation of “clerical
error” by misconstruing the meaning of the word “failure” as defined by section
1.04(18) of the Texas Tax Code and by the legislative history of the statute. 
See Tex. Tax Code Ann. §
1.04(18) (West 2008).  Lack’s alleges that HCAD’s “failure” to account for
depreciation, when assessing the market value of their inventory, constitutes a
“clerical error” pursuant to the Tax Code.  The Texas Tax Code defines
“clerical error” as:  

(18) “Clerical error"
means an error:

(A)
that is or results from a mistake or failure in
writing, copying, transcribing, entering or retrieving computer data,
computing, or calculating; or

 

(B)
that prevents an appraisal roll or a tax roll from accurately
reflecting a finding or determination made by the chief appraiser, the
appraisal review board, or the assessor; however, "clerical error"
does not include an error that is or results from a mistake in judgment or
reasoning in the making of the finding or determination. 

 

Id. (emphasis
added). 

The issue to be determined
in this appeal is whether the word “failure,” incorporated in the definition of
“clerical error,” includes failures to account for depreciation when assessing
property valuations.  We hold that it does not. 

There is no case that
specifically addresses the treatment of the word “failure” as set forth in the
definition of “clerical error.”  Lack’s contends that we should review the
legislative history to aid in our interpretation of the statute.  However,
because this statute is clear and unambiguous, “we must seek the intent of the
legislature in the plain and ordinary meaning of the words and terms used.”  Moreno v. Sterling Drug, Inc., 787 S.W.2d 348, 352 (Tex. 1990); Comdisco v. Tarrant County Appraisal Dist., 927 S.W.2d
325, 327 (Tex. App.—Fort Worth 1996, writ ref’d n.r.e.).  

Prior to the enactment of
section 1.04(18) of the Tax Code, the Texas Supreme Court held that a clerical
error occurred when such an error prevented the record from accurately
reflecting the judgment actually rendered.  Andrews v. Koch, 702 S.W.2d
584, 586 (Tex. 1986); Coleman v. Zapp, 151 S.W. 1040, 1041 (Tex. 1912).  A clerical error is one that is
not the result of judicial reasoning or determination, but rather occurs when a
judgment is reduced to writing.  Andrews, 702
S.W.2d at 585; Dickens v. Willis, 957 S.W.2d
657, 659–660 (Tex. App.—Austin 1997, no pet.).  Courts
generally define clerical errors as mistakes that are not the product of
“judicial reasoning, evidence, or determination.”  See Matagorda County Appraisal Dist. v. Conquest
Exploration Co., 788 S.W.2d
687, 693 (Tex. App.—Corpus Christi 1990, no writ). 
Whether a clerical error has been committed is a question of law.  Andrews,
702 S.W.2d at 585; Finlay v. Jones, 435 S.W.2d 136, 138 (Tex. 1969).

The failure to account for
depreciation is outside of the scope intended by the definition of “clerical
error” pursuant to section 1.04(18) of the Tax Code.  See Tex. Tax Code Ann. § 1.04(18).  HCAD’s
failure was not a simple, inadvertent omission made while reducing a judgment
into writing, but rather, the result of alleged reasoning and determination. 
The market value associated with each account was the byproduct of a deliberate
determination by HCAD in which they assessed the property and gave it a value
which they deemed appropriate.  Therefore, the judgment actually entered was
accurately reflected in the “Notice of Appraised Value” sent to Lack’s and thus
HCAD’s failure to appropriately depreciate is not properly defined as a
clerical error.  

HCAD’s alleged failure to
properly assess the market value of Lack’s inventory was the result of errors
in the methodology, procedure, and/or computation.  These are substantive
issues that address the actual valuation of the property itself.  However,
section 25.25(c) does not make available to the taxpayer the opportunity to
challenge the substantive reevaluation of a property’s market value.  See
Anderton v. Rockwall Central Appraisal Dist., 26 S.W.3d 539, 543 (Tex.
App.—Dallas 2000, pet. denied); see also Tex. Tax Code Ann. § 25.25(c).  Rather, such claims must be brought through the appeals process
set forth in Chapter 41 of the Texas Tax Code.  See Matagorda, 788 S.W.2d at
692; see also Texas Nat’l Bank of Baytown v. Harris County, 765 S.W.2d 823, 826 (Tex. App.—Houston [14th Dist.] 1988, writ denied).  We decline
to expand the definition of “clerical error” beyond its intended scope as set
forth by the legislature and overrule issues four and five. 

B.        
Administrative Remedies

In issue six, Lack’s
contends that the trial court erred by granting summary judgment in favor of HCAD
because, by doing so, it encourages bureaucratic failures and omissions. 
Lack’s contends that the inflated property valuation is a constitutional
violation denying it the right to have its property appraised at market value
and that condoning such unfair practices will inevitably destroy public respect
for the ad valorem tax system.  We find this point moot because Lack’s failed
to exhaust all possible administrative remedies.  

Chapter 41 of the Texas
Property Tax Code allows for either the Review Board or the taxpayer, by
protest, to review an appraisal made by the appraisal district.  See Tex. Tax Code Ann. §§ 41.01–41.47 (West 2008 & Supp. 2010); Matagorda,
788 S.W.2d at 691.  More specifically, a taxpayer may protest the determination
regarding the market value of his property as long as the protest is done in
accordance with the rules set forth in the Texas Tax Code.  See Tex. Tax Code Ann. § 41.41(a)(1); Matagorda, 788 S.W.2d at 691.  A taxpayer, protesting
the appraised value of his property, must follow the exclusive remedies in
Chapter 41 of the Texas Property Tax Code.  See Matagorda, 788
S.W.2d at 692; see Texas National Bank of Baytown, 765 S.W.2d at 826; Valero Transmission Co. v. Hays Consol. Indep. Sch. Dist.,
704 S.W.2d 857, 862 (Tex. App.—Austin 1985, writ ref.
n.r.e.).  If a taxpayer fails to pursue these remedies, then judicial review
will not be available to the taxpayer and any constitutional rights will be
deemed waived.  Matagorda, 788 S.W.2d at 692; see A & S Air
Service, Inc. v. Denton Cent. Appraisal Dist., 99 S.W.3d 340, 344 (Tex.
App.—Fort Worth 2003, no pet.). 

Lack’s can no longer seek
judicial review under Chapter 41 of the Tax Code because Lack’s failed to
follow the proper procedures when protesting their disputed accounts.  Either
by failing to protest or by settling any disputed accounts, Lack’s failed to
exhaust all administrative remedies available.  Whenever a party fails to avail
themselves to the remedies available under Chapter 41 of the Tax Code, such as
appearing in front of the Review Board to appeal the taxable value assessed,
that failure will subsequently deprive a court of jurisdiction to review the
matter.  See Harris County Appraisal Dist. v. Pasadena Prop., L.P., 197
S.W.3d 402, 405 (Tex. App.—Eastland 2006, pet denied); Matagorda,
788 S.W.2d at 692; Birdwell v. City of Boyd, Wise County, 233 S.W.2d
603, 607 (Tex. Civ. App.—Fort Worth 1950, no writ).  Here, the time to file a
protest has lapsed and the remedy available under Chapter 41 has expired.  See
id. § 41.04.  

In this case, Lack’s
received notice regarding the valuation of its property and did in fact protest
some of the accounts, which were later settled at a reduced value.  The
remaining accounts were not protested.  Given that the computations and
methodologies used in assessing market value were available at the time of
notice, it was the duty of Lack’s to effectively protest the valuations and/or
the methodologies used when assessing market value.  Regarding the accounts
that they did protest, Lack’s forfeited its right to judicial review by
entering into a settlement agreement with HCAD.  As to the accounts that were
never protested, Lack’s waived its rights by failing to pursue the remedies
available pursuant to Chapter 41 of the Texas Tax Code.  See Matagorda,
788 S.W.2d at 691–692.  We overrule issue six.  

C.          
Summary Judgment Evidence

Lack’s contends in issues
one and two that the trial court erred in granting summary judgment because
there existed disputed fact issues and because the affidavit of Mr. Rolando
Garza should have been excluded as summary judgment evidence.  We disagree.

The determination of a
clerical error is a question of law.  Andrews, 702 S.W.2d at 585; Finlay, 435 S.W.2d at 138.  In this case, Lack’s argues that since there
were essential facts still disputed, the grant of the summary judgment motion
was improper.  However, Lack’s concerns are misguided because the factual
disputes all involve the substantive characteristics of the property’s
valuation and the methodology used in making such determinations.  Section
25.25(c) of the Tax Code is not available to remedy issues pertaining to
disputed property valuations.  Anderton, 26 S.W.3d at 543; see also
Tex. Tax Code Ann. § 25.25(c). 
Regardless of the manner in which the valuation was conducted, it is irrelevant
to whether a clerical error was committed because the compliance with or use of
industry standards is a judgment determination that is outside the realm of a
clerical error as a matter of law.  

            Lack’s also contends that the
affidavit of Rolando Garza should have been excluded because it was incompetent
and was further controverted by the testimony provided by Lack’s in response to
HCAD’s motion for summary judgment.  We disagree.  The testimony that
controverted Mr. Garza’s affidavit focused merely on the substantive,
computational processes used when determining market value.  The testimony did
not controvert the objective facts of the case nor did it raise any factual issues
relevant to the issue of whether any clerical errors had been committed pursuant
to section 25.25(c) of the Tax Code.  See id.  Mr. Garza’s affidavit was
properly considered as evidence in the motion for summary judgment.  We
overrule issues one and two. 

            Because we have determined that
the summary judgment was proper, we overrule Lack’s third issue that seeks
reasonable attorney’s fees and expenses.  

                                                                                                   
IV.       
CONCLUSION

We conclude that the trial
court did not err by granting summary judgment.  The judgment of the trial
court is affirmed.

 

 

 

 

                                                                        ROSE
VELA

                                                                                    Justice

 

Delivered and filed
the 

23rd day of June, 2011.