

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-13-00144-CV

IN RE FARMERS INSURANCE
EXCHANGE

RELATOR

----------

ORIGINAL PROCEEDING

----------

## MEMORANDUM OPINION[1]

----------

Relator Farmers Insurance Exchange (Farmers), a nonparty to the underlying lawsuit, seeks mandamus relief from the trial court's March 7, 2013 final default judgment rendered against it and Timothy and Valena Warner (the Warners), the only remaining defendants in a lawsuit alleging negligence and other causes of action related to the death of one child and personal injuries to another child. The children had previously been removed from their parents'

---

[1]*See* Tex. R. App. P. 47.4.

custody by the Texas Department of Family and Protective Service, and the Warners were serving as the children's foster parents at the time of the incidents forming the basis of the lawsuit.[2]

Farmers is an insurer that had issued a homeowners policy to the Warners, but Farmers was never named as a party to either of the consolidated lawsuits and was never served with citation. However, the final default judgment purports to render judgment against Farmers for $20 million as follows:

> [T]hat the Plaintiff . . . recover against the defendants Valena Warner and Timothy Warner money damages of twenty million dollars ($20,000,000.00) apportioned as five million dollars ($5,000,000.00) for each Plaintiff in this case of which both Valena Warner and Timothy Warner shall be held jointly and severally liable to the Plaintiffs. The full amount of liability insurance and any awarded additional amounts in this Final Judgment shall be paid by Farmer[s] Insurance . . . or [by] Timothy Warner or Valena Warner.
>
> The [Plaintiff] by and through her attorney, may take further reasonable actions to collect for the Plaintiffs the full monetary judgment of twenty million dollars (five million dollars for each Plaintiff) from Farmers Insurance by demand and/or from Timothy Warner and/or Valena Warner for the full amount of this monetary judgment, individually or jointly.

The judgment also recites that the plaintiffs had previously settled with all other defendants in the consolidated cases.

---

[2]The lawsuit began as two separate suits, one brought in probate court by one set of plaintiffs and the other brought in district court by another set of plaintiffs. The district court case was transferred to probate court, and the two lawsuits were consolidated. The final default judgment brought the consolidated lawsuits to a conclusion.

Farmers filed a petition for writ of mandamus, which included a motion for emergency relief, in this court on April 26, 2013, and this court issued a stay of execution of the final default judgment as to Farmers on April 29, 2013. *See* Tex. R. App. P. 52.10(b) (authorizing court of appeals to grant "any just relief pending the court's action on the petition"). We also requested that the real parties in interest file a response to Farmers's petition. *See* Tex. R. App. P. 52.8(b). Real parties in interest filed responses in which they concede that Farmers was "inadvertently and incorrectly named" as a liable defendant in the judgment. Both responses request that "the judgment be vacated and set aside to the extent that it names [Farmers] as a party." Farmers has also filed a reply.

Before a trial court may properly render a default judgment, the record must reflect that the trial court has jurisdiction over the subject matter and the parties and that the case is ripe for judgment. *Finlay v. Jones*, 435 S.W.2d 136, 138–39 (Tex. 1968) (orig. proceeding); *Marrot Commc'ns, Inc. v. Town & Country P'ship*, 227 S.W.3d 372, 376 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). Unless the record affirmatively shows "at the time the default judgment is entered" an appearance by the defendant, proper service of citation, or a written memorandum of waiver, the trial court does not have in personam jurisdiction to render a default judgment against the defendant. *Marrot Commc'ns*, 227 S.W.3d at 376. A judgment is void if the trial court had no jurisdiction over a party, and mandamus relief is proper when a trial court renders a void judgment. *See Cook*

*v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (op. on reh'g); *see also In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

Here, the trial court did not have jurisdiction over Farmers because Farmers was never served with process. *See Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985) (explaining that a plaintiff invokes the trial court's "jurisdiction by valid service of process on the defendant"); *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) (orig. proceeding) (stating that "a judgment is void only when it is shown that the court had no jurisdiction of the parties"). Thus, the final default judgment, as to Farmers, is void.

Because the March 7, 2013 final default judgment is void as to Farmers, we lift our April 29, 2013 stay order and conditionally grant Farmers's petition for writ of mandamus. We direct the trial court to vacate the final default judgment as it relates to Farmers. Our writ will issue only if the trial court fails to do so within fourteen days.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: May 23, 2013

4