**Affirmed and Opinion Filed April 24, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00224-CV

### SAMUEL T. RUSSELL, Appellant
### V.
### LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP, ET AL., Appellees

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-10621**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Partida-Kipness

Pro se appellant Samuel T. Russell filed suit against the law firm Linebarger, Goggan, Blair & Sampson, LLP (LGBS), complaining about the firm's alleged failure to properly apply payments toward Russell's delinquent property taxes. In subsequent petitions, Russell added as defendants over twenty Texas counties (the Texas Counties) and the City of Philadelphia, Pennsylvania (together, the Governmental Appellees). In response, LGBS and the Governmental Appellees (together, Appellees) filed pleas to the jurisdiction. The trial court granted the pleas and dismissed the suit. Russell now appeals.

We construe Russell's brief to assert five issues: (1) the trial court erred in granting the pleas to the jurisdiction; (2) the trial court abused its discretion in denying Russell's motion for default judgment; (3) the trial court improperly transferred the case; (4) the trial court's errors deprived Russell of his property and due process; and (5) the trial court erred by denying Russell the right to a jury trial. Finding no merit in Russell's arguments, we affirm the trial court's judgment.

## BACKGROUND

In 2017, Dallas County and several other taxing units filed suit against Russell. The suit arose from delinquent ad valorem taxes on a property Russell owned located at 3717 Spence Street, Dallas, Dallas County, Texas. By contract, LGBS acted as the legal counsel for Dallas County and the other plaintiffs in their tax suit against Russell. After a trial, on October 23, 2018, the 160th Judicial District Court of Dallas County entered a judgment against Russell and in favor of the taxing units. The judgment awarded $20,284.62 in taxes, penalties, interest and fees, foreclosure of the tax liens, recoveries for liens imposed by the City of Dallas, and related court costs. Russell appealed that judgment to this Court. On October 31, 2019, this Court affirmed the trial court's judgment, which became final after Russell filed no further appeal.

Two years later, Russell filed this suit against LGBS in the 116th Judicial District Court of Dallas County. Russell generally asserted LGBS had not properly applied tax payments Russell made against the 2018 judgment. Russell asserted

claims for breach of contract and breach of fiduciary duty, among others. In numerous amended petitions, Russell added the Texas Counties and the City of Philadelphia as defendants.[1] Russell's petitions alleged no specific acts by these Governmental Appellees or any connection to the prior tax suit or his Dallas County property.

The Governmental Appellees and LGBS answered the suit and each filed pleas to the jurisdiction. In their pleas, Appellees asserted the trial court lacked subject-matter jurisdiction because Russell failed to present a justiciable controversy and Appellees were entitled to governmental immunity. Russell filed several responses to the pleas but did not offer any evidence in support. On June 9, 2022, the trial court signed an order granting the Governmental Appellees' plea to the jurisdiction and dismissing the case against them without prejudice. On February 10, 2023, the trial court signed an order granting LGBS's plea to the jurisdiction and dismissed the case in its entirety. This appeal followed.

**STANDARD OF REVIEW**

A plea to the jurisdiction challenges the trial court's jurisdiction to hear the case. *Abbott v. Mexican Am. Legis. Caucus*, 647 S.W.3d 681, 689 (Tex. 2022). We review a trial court's order granting or denying a plea to the jurisdiction de novo.

---

[1] The Texas Counties listed in Russell's live petition at the time of the plea to the jurisdiction included Aransas, Atascosa, Bexar, Brooks, Cameron, Coleman, Delta, Ector, Galveston, Grayson, Harrison, Henderson, Hidalgo, Johnson, Kaufman, Kinney, Liberty, Madison, Matagorda, Maverick, Morris, Nueces, Rockwall, San Saba, Smith, Tarrant, Wilson, and Wood Counties.

*Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 929 (Tex. 2010). We consider the pleadings, factual assertions, and all relevant evidence in the record. *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018). Pleadings are construed liberally in favor of the plaintiff to determine whether the facts alleged affirmatively demonstrate the court's jurisdiction to hear the matter. *Id*. The trier of fact resolves the jurisdictional issue if evidence in the record raises a fact issue; however, the trial court rules as a matter of law if the evidence is undisputed or fails to raise a fact question. *Id*. The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012).

## ANALYSIS

Before addressing Russell's arguments, we must address the proper scope of the appeal. Russell submits five "Issues Presented" in his brief. However, Russell often deviates from his "Issues Presented," attempts to address the merits of his claims, and presents unclear and disorganized arguments.

Pro se litigants like Russell are held to the same standards as licensed attorneys and must comply with the applicable procedural rules and substantive law. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). On appeal, as at trial, the pro se appellant must properly present its case. *Strange*, 126 S.W.3d at 677. The rules of appellate procedure require appellant's brief to contain

–4–

"a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h). An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review. *Strange*, 126 S.W.3d at 678. An appellate court has no duty to perform an independent review of the record and applicable law to determine whether the error complained of occurred. *Id.*

Although Russell's issues are inadequately briefed and largely could be overruled as such, we will consider his issues to the extent we can determine their nature. *See Castleberry v. New Hampshire Ins. Co.*, 367 S.W.3d 505, 507 (Tex. App.—Texarkana 2012, no pet.). We construe Russell's appeal to assert five issues: (1) the trial court erred in granting the pleas to the jurisdiction; (2) the trial court abused its discretion in denying Russell's motion for default judgment; (3) the trial court improperly transferred the case; (4) the trial court's errors deprived Russell of his property and due process; and (5) the trial court erred by denying Russell the right to a jury trial. We address each issue in turn.

## I.    Trial Court Properly Granted the Plea to the Jurisdiction

We first address whether the trial court erred in granting Appellees' pleas to the jurisdiction. In their jurisdictional plea, the Governmental Appellees asserted Russell failed to establish any justiciable controversy and any claims against the Texas Counties are barred by governmental immunity. In its jurisdictional plea, LGBS asserted Russell's claims are barred by governmental immunity.

Instead of addressing the grounds for the pleas to the jurisdiction asserted at the trial court, Russell argues the merits of his claim. He contends Appellees violated a purported agreement[2] regarding Russell's payment of delinquent property taxes. Russell has failed to provide us with argument, analysis, or authorities that make his appellate complaints viable. Russell does not provide any substantive argument as to why Appellees were not entitled to dismissal on the grounds raised in their pleas to the jurisdiction.

**A.     Appellees were entitled to dismissal**

Even if Russell had adequately briefed the issue, Appellees were entitled to dismissal because Russell's suit failed to present a justiciable controversy, and Appellees were entitled to governmental immunity.

**1)     No justiciable controversy**

Subject-matter jurisdiction requires a live controversy between the parties, and the case must be justiciable. *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994). For a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought. *Id.*

Russell's suit alleges improper application of payments toward his delinquent Dallas County property taxes. However, "[i]t has always been the primary and fundamental rule that no sovereignty or taxing district could exercise the power of

---

[2] Russell's repeated references to an "agreement" or "contract" appear to relate to the 2018 tax judgment.

taxation, *except as to property actually or constructively within its jurisdiction*. This rule applies to counties and municipalities, as well as states." *Great S. Life Ins. Co. v. City of Austin*, 112 Tex. 1, 243 S.W. 778, 780 (1922) (emphasis added); *Avery v. Guadalupe Cnty. Appraisal Dist.*, No. 04-16-00572-CV, 2017 WL 1337640, at *7 (Tex. App.—San Antonio Apr. 12, 2017, pet. denied) (mem. op.) (same); *see also* TEX. TAX CODE § 21.01 ("Real property is taxable by a taxing unit *if located in the unit*….") (emphasis added); *id.* § 6.23(a) ("The county assessor-collector shall assess and collect taxes on property *in the county* for the county.") (emphasis added).

Here, the real property underlying the 2018 tax suit against Russell is located at 3717 Spence Street, within the City of Dallas and Dallas County. Dallas County and the other taxing units within Dallas County secured the 2018 judgment against Russell for delinquent property taxes on this property. In his numerous petitions, Russell alleged no facts showing how the Governmental Appellees (comprising the twenty-eight Texas Counties and the City of Philadelphia, Pennsylvania) have any power to assess or collect taxes on Russell's Dallas County property or apply delinquent tax payments related thereto. In response to the Governmental Appellees' plea to the jurisdiction, Russell provided no evidence or argument as to why his claims against these entities had any relation to his property or his lawsuit.

There is no factual or legal basis to support Russell's claims against the Governmental Appellees. Those entities have no power to tax Russell's real property or apply tax payments thereto. *See Great S. Life Ins.*, 243 S.W. at 780. The relief

sought against the Governmental Appellees, even if granted by the trial court, could not resolve any purported dispute between the litigants. *See Gomez*, 891 S.W.2d at 245–46 (claims against State Bar of Texas, seeking to compel free legal services, lacked justiciability from the outset because the state bar lacked power to implement a mandatory pro bono program for Texas lawyers). Therefore, Russell's suit against the Governmental Appellees presents no justiciable controversy, depriving the trial court of subject-matter jurisdiction. *See id.* Furthermore, we conclude Russell could not amend his complaint to possibly create a justiciable controversy between himself and the Governmental Appellees regarding the delinquent taxes on Russell's Dallas County property. Accordingly, the trial court did not err in granting the Governmental Appellees' plea to the jurisdiction.

### 2) Governmental immunity

Governmental immunity also bars Russell's claims against the Texas Counties and LGBS.

Political subdivisions of the state—such as counties, cities, and school districts—are entitled to governmental immunity. *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019); *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Governmental immunity encompasses immunity from suit and immunity from liability. *Reata Constr.*, 197 S.W.3d at 374. Immunity from suit deprives a trial court of subject-matter jurisdiction. *Id.*

Suits against taxing entities for actions taken in the course of assessing and collecting taxes are barred by governmental immunity. *Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736, 745 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing TEX. CIV. PRAC. & REM. CODE § 101.055 (providing for no waiver of immunity under Texas Tort Claims Act for any claim arising in connection with assessment or collection of taxes by governmental unit)); *see also* TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B) ("governmental unit" includes counties).

Furthermore, an agent performing the governmental function of collecting taxes on behalf of a taxing unit is entitled to governmental immunity. *Ross*, 333 S.W.3d at 745-47 (law firm engaged by city, county, and school district, as taxing entities, for collecting delinquent property taxes was immune from suit as a governmental agent for its actions taken while collecting the taxes); *see Vo v. Linebarger, Goggan, Blair & Sampson, LLP*, No. 05-21-00308-CV, 2022 WL 2235982, at *3 (Tex. App.—Dallas June 22, 2022, no pet.) (mem. op.) (law firm acting as agent for Harris County was entitled to governmental immunity on claims arising from county's attempt to collect unpaid tolls); *see also* TEX. TAX CODE § 6.30(c) (taxing units may contract with any competent attorney to represent the unit to enforce the collection of delinquent taxes).

Here, Russell failed to allege any specific or relevant acts by the Texas Counties related to his causes of action. Instead, all of his causes of actions stem from general accusations the defendants failed to properly apply Russell's payments

toward the 2018 tax judgment. Similarly, all of Russell's allegations against LGBS are related to the collection of delinquent property taxes. There are no allegations of any acts untethered to the governmental function of assessing and collecting taxes. There are no allegations giving rise to any LGBS act outside its functions as an agent for Dallas County in the collection of delinquent property taxes.

Furthermore, in support of its plea to the jurisdiction, LGBS provided the affidavit of Edward Lopez, an equity partner in LGBS's Dallas office. Lopez explained in detail that Dallas County contracted with LGBS to provide legal services for the county to enforce collection of delinquent ad valorem taxes. Lopez further averred that, at all times relevant to Russell's property tax issues, LGBS was acting as the legal agent of Dallas County. Russell provided no argument or evidence in response to the pleas to the jurisdiction to support any exception to, or waiver of, immunity. Russell's suit against the Texas Counties and LGBS is barred by governmental immunity. TEX. CIV. PRAC. & REM. CODE § 101.055; *Ross*, 333 S.W.3d at 745-47.[3]

## B.    Conclusion regarding pleas to the jurisdiction

The trial court did not err in granting the Governmental Appellees' or LGBS's pleas to the jurisdiction. Even if Russell had properly briefed the issue, he did not

---

[3]    We need not decide whether the City of Philadelphia enjoys governmental immunity in a Texas court. As discussed above, Russell has presented no justiciable controversy against that city, depriving the trial court of subject-matter jurisdiction.

present a justiciable controversy, and the Texas Counties and LGBS are entitled to governmental immunity. We overrule Russell's first issue.

## II.    Default Judgment

In his second issue, Russell contends he was entitled to a default judgment based on LGBS's failure to timely answer the suit. We disagree.

A plaintiff may seek a default judgment if the time has passed for the defendant to answer, the defendant has not answered, and the citation with the officer's return has been on file with the clerk for ten days. TEX. R. CIV. P. 107, 239. The law requires proof of service before a plaintiff may take judgment by default. *Unifund CCR Partners v. Jaeger*, No. 05-07-01444-CV, 2009 WL 638212, at *1 (Tex. App.—Dallas Mar. 13, 2009, no pet.) (mem. op.) (citing TEX. R. CIV. P. 107). The record must show the trial court has jurisdiction of the subject matter and the parties, and that the case is ripe for judgment. *Id.* (citing *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968)). Jurisdiction over a defendant must be established by an affirmative showing of service of citation independent of recitals in the default judgment. *Id.* Unless a defendant has voluntarily appeared before judgment, strict compliance with the rules relating to proper service must appear affirmatively in the record. *Id.* (citing *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965) and *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (failure to show strict compliance with rules relating to proper service renders any attempted service invalid and requires setting aside a default judgment)). We review the denial

–11–

of a motion for default judgment for abuse of discretion. *Resurgence Fin., LLC v. Taylor*, 295 S.W.3d 429, 432 (Tex. App.—Dallas 2009, pet. denied).

The record reflects Russell filed his original petition, styled *Samuel T. Russell v. Linebarger, Goggan, Blair & Sampson, LLP* on August 12, 2021. LGBS filed "Defendants Original Answer" on September 7, 2021, using the same case style. However, the body of the answer purports to answer the suit on behalf of Dallas County and "other political subdivisions whose ad valorem property taxes are collected by the Dallas County Tax Assessor-Collector…." On February 15, 2022, LGBS filed "Defendants First Amended Original Answer, Plea to the Jurisdiction, and Motion to Dismiss" on behalf of itself and four Texas counties. Russell states he was entitled to a default judgment because LGBS did not file an answer until more than 140 days after being "properly served." Russell also seems to argue LGBS originally answered the suit on behalf of Dallas County, not LGBS, and it was improper for the trial court to accept that answer as LGBS's answer.

We need not decide whether "Defendant's Original Answer" constituted an answer on behalf of LGBS because Russell has not shown his entitlement to a default judgment. First, it is not clear whether Russell moved for a default judgment on the grounds he now asserts on appeal. The record includes three motions for default judgment by Russell. However, none of these motions assert Russell was entitled to a no-answer default judgment against LGBS. To preserve a complaint for appellate review, a party must make the complaint to the trial court by a timely request,

–12–

objection, or motion. TEX. R. APP. P. 33.1(a)(1). Preservation also requires: (1) an express ruling by the trial court, (2) an implicit ruling by the trial court, or (3) a refusal to rule by the trial court, coupled with an objection to that refusal by the complaining party. TEX. R. APP. P. 33.1(a)(2). Without an affirmative showing Russell presented a motion for a no-answer default judgment against LGBS, Russell has preserved nothing for appeal.

Second, even if Russell moved for a no-answer default judgment against LGBS, Russell has not demonstrated entitlement to such. While the record reflects Russell filed suit on August 12, 2021, naming LGBS as a defendant, the record does not demonstrate when LGBS was served and whether Russell served LGBS in strict compliance with the rules of procedure. Russell attached no supporting documentation or evidence to his motions for default judgment. There is no return of service in the record or any other evidence indicating strict compliance with service requirements or the rules for default judgments.

Russell has not shown he was entitled to a default judgment. Accordingly, Russell has not shown the trial court abused its discretion in failing to render such a judgment. *See Jaeger*, 2009 WL 638212, at *2. We overrule Russell's second issue.

## III.  Court Transfer

In his third issue, Russell appears to argue the trial court improperly transferred the case to another court without notice. Russell contends the trial court (the 116th District Court of Dallas County) transferred his case to the 160th District

–13–

Court of Dallas County, in violation of Dallas County Local Rule 1.06.[4] However, nothing in the record supports Russell's arguments.

The burden is on the appellant to present a sufficient record to show error requiring reversal. *In re B.J.W.*, No. 05-17-00253-CV, 2018 WL 3322882, at *2 (Tex. App.—Dallas July 6, 2018, no pet.) (mem. op.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990)).

Here, nothing in the record demonstrates the trial court transferred the case to the 160th District Court. There is no order of transfer or any reference to transfer in the trial court docket included in the clerk's records. There is nothing in the record to show error. *See id.* In the appendix to his brief, Russell attached a copy of a February 22, 2023 "Notice of Sheriff's Sale." Documents attached as appendices to an appellate brief are not part of the appellate record and cannot be considered. *See Sung Sik Choi v. Juggernaut Transportation, Inc.*, No. 05-16-01386-CV, 2017 WL 2729907, at *2 (Tex. App.—Dallas June 26, 2017, no pet.) (mem. op.).

Nonetheless, the notice of sale in Russell's appendix has no bearing on this appeal. The notice is related to the 2018 judgment against Russell for his delinquent taxes, combined with a separate 2005 tax judgment related to the same property. The 2018 judgment was affirmed by this Court in October 2019 and became final. The

---

[4] "Whenever any pending case is so related to another case previously filed in or disposed of by another Court of Dallas County having subject matter jurisdiction that a transfer of the later case to such other Court would facilitate orderly and efficient disposition of the litigation, the Judge of the Court in which the earlier case is or was pending may, upon notice to affected parties and Courts, transfer the later case to such Court." DALLAS CNTY. CIV. CT. LOC. R. 1.06.

2018 judgment and subsequent order of sale issued from the 160th District Court in a proceeding wholly separate from Russell's present suit against LGBS and the Governmental Appellees. There is nothing to support Russell's assertions the present case was transferred from the trial court to the 160th District Court. We overrule issue three.

## IV.    Deprivation of Property/Due Process

In his fourth issue, Russell asserts he was deprived of his property and due process, generally citing the U.S. and Texas Constitutions. *See* U.S. CONST. amend. V (prohibiting deprivation of property without due process); TEX. CONST. art. 1, § 19 (same). Russell seems to argue the failure of Appellees to apply his tax payments, and the failure of the trial court to correct the alleged error, resulted in the sheriff's sale of his property.

Russell again attempts to argue the merits of his suit rather than the bases for the trial court's grant of the pleas to the jurisdiction. We have already discussed why the trial court properly granted the pleas to the jurisdiction. Furthermore, we have also explained the execution sale of Russell's property was related to a separate judgment from the prior tax suit. That judgment is final, and we have no jurisdiction over it in this suit.

Russell also seems to argue the deprivation resulted from the improper transfer of his case. However, as we have discussed, the record does not reflect any

such transfer or that such alleged transfer denied Russell due process. We overrule Russell's fourth issue.

**V.    Jury Trial**

In his fifth issue, Russell contends the trial court erred by dismissing the case and thereby depriving Russell of the right to a jury trial. Again, we disagree with Russell.

In their pleas to the jurisdiction, LGBS and the Governmental Appellees asserted the trial court lacked subject-matter jurisdiction. Whether a court has subject-matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether a pleader has alleged facts affirmatively demonstrating a trial court's subject-matter jurisdiction is a question of law reviewed de novo. *Id.* Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder. *Id.* However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.*

As discussed, Russell failed to plead any facts affirmatively demonstrating the trial court's subject-matter jurisdiction over the case. And, Russell produced no evidence in response to the pleas to the jurisdiction to create a fact issue regarding

the jurisdictional question. Accordingly, the trial court was required to rule on the pleas to the jurisdiction as a matter of law. *Id.* Russell was not entitled to a jury trial. We overrule Russell's fifth issue.

## CONCLUSION

The trial court did not err in granting Appellees' pleas to the jurisdiction. Russell presented no justiciable controversy to support subject-matter jurisdiction respecting the Governmental Appellees, and Russell's claims against LGBS and the Governmental Appellees are barred by governmental immunity. And, the trial court did not abuse its discretion in denying Russell's motion for default judgment. Furthermore, the record does not support any allegation the trial court transferred Russell's case in violation of local rules, or that Russell suffered a deprivation of property or due process. Finally, Russell was not entitled to a jury trial. The trial court correctly ruled on the pleas to the jurisdiction as a matter of law where Russell failed to plead facts or bring forth evidence supporting the trial court's jurisdiction. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/

230224f.p05

ROBBIE PARTIDA-KIPNESS
JUSTICE

–17–



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SAMUEL T. RUSSELL, Appellant

No. 05-23-00224-CV      V.

LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP, ET AL., Appellees

On Appeal from the 116th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-10621. Opinion delivered by Justice Partida-Kipness. Justices Nowell and Smith participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees LINEBARGER, GOGGAN, BLAIR & SAMPSON, LLP, ET AL. recover their costs of this appeal from appellant SAMUEL T. RUSSELL.

Judgment entered this 24th day of April, 2024.